**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | |
| Plaintiff, | Case No. 21-cv-06546 |
| v. | Hon. John Robert Blakey |
| VINTAGE BRAND, LLC, | |
| Defendant. | |

## JOINT INITIAL STATUS REPORT

Plaintiff The Board of Trustees of the University of Illinois ("Plaintiff," "Illinois," "the University," or "the University of Illinois"), by and through its attorneys, and Defendant Vintage Brand, LLC ("Defendant" or "Vintage), by and through its attorneys, pursuant to this Court's standing order and minute entry of December 8, 2021 (Dkt. No. 9), hereby present their joint status report as follows:

**1.** **Type of Initial Status Report (i.e., Joint or Individual).**

This is a joint status report.

**2.** **Service of Process.**

Vintage has been served and its counsel of record has appeared in this matter. The parties anticipate Vintage's lead counsel will later appear pro hac vice.

**3.** **The Nature of the Case.**

    **a.** **Plaintiff's counsel:**

David S. Becker – Lead Trial Attorney
Andrew Goldstein

FREEBORN & PETERS, LLP
311 South Wacker Drive
Suite 300
Chicago, IL 60606
Tel: (312) 360-6000
Email: dbecker@freeborn.com
        agoldstein@freeborn.com

**Defendant's counsel:**

Richard D. Boonstra
HOOGENDOORN & TALBOT LLP
122 South Michigan Avenue
Suite 1220
Chicago, Illinois 60603
Tel: (312) 786-2250
Email: rboonstra@htlaw.com

Theresa H. Wang (*pro hac vice*)
Joshua D. Harms (*pro hac vice*)
STOKES LAWRENCE, P.S.
1420 Fifth Avenue
Suite 3000
Seattle, Washington 98101
Tel: (206) 626-6000
Email: theresa.wang@stokeslaw.com
        joshua.harms@stokeslaw.com

**b.      Basis for Federal Jurisdiction.**

This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1338,

2201 and 2202, 15 U.S.C. §1121, and Fed. R. Civ. P. 13. The Court has supplemental

jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ.

P. 13 because those claims are so related to the University's claims that they form part

of the same case or controversy and derive from a common nucleus of facts.

**c.      Nature of the Claims.**

The University of Illinois has brought claims against Vintage alleging past

and on-going infringement of the University's federally registered trademarks

and trade dress, trademark counterfeiting, dilution, and false designation of

origin, all in violation of the Lanham Act. The University has also brought claims for trademark infringement and dilution in violation of Illinois law, violations of Illinois' Uniform Deceptive Trade Practices Act ("UDTPA"), and common-law unfair competition under Illinois law. The University's claims are based on Vintage's manufacture and sale of clothing and memorabilia displaying the University's trademarks and trade dress, and Vintage's acts to associate its goods with the University of Illinois. The University alleges that Vintage not only uses the University of Illinois' trademarks and trade dress on its products, but that Vintage does so in direct competition with then University and its licensee's products, and that Vintage's products are not licensed or otherwise authorized by the University.

Vintage denies all claims asserted in this action, and disagrees with the University's characterization of Vintage's business model. Vintage disputes that the University owns trademark or trade dress rights in the alleged marks asserted, and notes the University has failed to define the alleged marks at issue with the requisite particularity. Vintage asserts defenses that: (1) the University may not rely on "trademark rights" arising from public domain artistic works to extend monopolies and stifle legitimate competition; (2) the University's claims are precluded by the doctrines of utilitarian and aesthetic functionality; (3) the University's claims are precluded by the equitable doctrine of unclean hands; (4) the University's claims are precluded where both the University's and Vintage's application of the alleged marks to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark; (5)

3

the University's claims are precluded to the extent they extend to Vintage's display and printing of descriptive terms used in good faith to describe the goods of Vintage; (6) the University's claims are precluded to the extent they rely on alleged marks that have been abandoned; and (7) the University's claims are precluded by the First Amendment.

Vintage will also file counterclaims against the University for at least the following: (1) fraudulent procurement and/or renewal of registrations; (2) abandonment of alleged marks; and (3) the University failing to use its alleged marks as trademarks and instead using them in a merely ornamental manner.

### d. Legal and Factual Issues Anticipated.

The case is in an early stage, and the parties do not necessarily agree on what the major legal and factual issue in the case will be. However, the parties anticipate the major issues in the case may include, but not be limited to, the following:

1. Whether the University holds valid, existing, and enforceable trademarks and trade dress covering the trademarks and trade dress at issue in this litigation.

2. What "trademarks" and "trade dress" are actually at issue in this litigation, and whether those purported marks are valid or otherwise subject to cancellation.

3. Whether Vintage uses in interstate commerce marks that are identical with, substantially indistinguishable from, and/or substantially similar to the University's trademarks and trade dress at issue.

4

4. Whether Vintage's conduct was licensed or otherwise authorized by the University.

5. Whether Vintage required any license or other authorization from the University.

6. Whether Vintage's acts have caused, or are likely to cause, confusion, mistake, or deception regarding the source or origin of Vintage's products.

7. Whether Vintage's conduct was knowing, willful, and/or intentional.

8. Whether Vintage's conduct have caused, or will continue to cause, irreparable harm to the University.

9. Whether Vintage's conduct has caused damage to the University and, if so, the measure of any actual damage suffered by the University.

10. Whether Vintage's conduct creates a false association between the products at issue in this litigation the University trademarks and trade dress.

11. Whether Vintage's conduct leads consumers to believe that the products at issue in this litigation are sponsored by, associated with, authorized by, or otherwise affiliated with the University.

12. Whether Vintage's conduct is diluting and/or will dilute the University's trademarks and/or trade dress.

13. Whether the University fraudulently procured registrations or renewals for its alleged marks.

5

14. Whether the doctrine of unclean hands arising from the University's fraudulent procurement precludes its assertion of rights.

15. Whether the University has abandoned any of the purported marks or trade dress at issue.

16. Whether the University's use of any purported marks is ornamental only, and not use as a "trademark."

17. Whether the United States Supreme Court's ruling in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), precludes the University's claims regarding its "trademark rights."

18. Whether the doctrines of utilitarian and aesthetic functionality preclude the University's claims.

19. Whether the First Amendment protects Vintage's merchandise because it consists of expressive works.

20. Whether the University's application of its alleged marks to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark.

21. Whether the University's claims under Illinois State law are properly pled where the University has not registered the "marks" at issue in Illinois State.

**e.    Damages and Relief.**

The University of Illinois alleges that as a result of Vintage's conduct, the University is entitled to declaratory, injunctive, and monetary relief. The University seek damages and relief including, at least, the following: (a)

declaratory judgments in the University's favor finding that that Vintage has (i) infringed the University's trademark rights, (ii) counterfeited the University's marks, (iii) diluted the University's marks, and (iv) created a false association with the University; (b) preliminary and permanent injunctions enjoining and restraining Vintage from (i) further infringing the University's mark, (ii) using confusingly similar designs, (iii) making statements in promotional materials or advertisement indicating association or affiliation with the University, and/or (iv) using any designation that is likely to tarnish, blur, or dilute the distinctive quality of the University's marks; (c) judgment requiring Vintage to deliver to the University all infringing products; (d) judgment awarding damages in amounts to be determined at trial including actual damages and/or disgorgement of Vintage's ill-gotten gains; (e) judgment awarding the University all available statutory damages; and (f) judgment awarding the University its attorneys' fees and costs along with pre- and post-judgment interest.

Vintage denies that the University is entitled to any relief sought. Vintage seeks the following relief from the Court: (1) dismissal of all claims in the Complaint with prejudice; (2) exercise of authority under the Lanham Act, 15 U.S.C. § 1119, to order the Commissioner of the United States Patent and Trademark Office to cancel the federal trademark registrations pleaded by the University; (3) award Vintage its costs and fees incurred in this lawsuit pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and/or 765 ILCS 1036/45.

4.     **Pending Motions and Case Plan.**

    a.     **Pending Motions.**

There are no motions pending at this time.  The parties have met and conferred regarding Vintage's response to the Complaint and agreed that Defendant shall answer or otherwise plead in response to the Complaint on or before January 24, 2022.  On this date, Vintage intends to file a Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Strike and for a More Definite Statement pursuant to Fed. R. Civ. P. 12(b)(6), 12(f) and 12(e) as a responsive pleading to the Complaint.

    b.     **Proposal for Discovery and a Case Management Plan.**

        **(1) General type of discovery needed.**

The parties believe that written discovery, including at least interrogatories and document requests, is necessary and warranted in this case. The parties anticipate that electronically stored information will be requested and produced by both parties. The parties do not believe that there is a need for bifurcated discovery. The parties believe that discovery is necessary on at least the following topics: (1) the University's trademarks and trade dress, their ownership, use, and registration; (2) Vintage's manufacture, use and sale of the products that are the subject of the University's Complaint including the creation, design, and strategy behind those products; (3) similarity and confusion relating to the Vintage products that are the subject of the University's Complaint; (4) the University's entitlement to monetary damages and injunctive relief; (5) the University's submissions in procurement of the purported marks at issue; (6) the

extent of the University's abandonment of any alleged marks at issue, and actions or public announcements regarding the same; (7) third party discovery regarding the actions or public announcements related to No. 6; and (8) the University's profits (or lack thereof) related to the licensing or use of the purported marks. In addition to written discovery, the parties believe that depositions are necessary and warranted in this lawsuit; however, the parties do not believe there is any need to deviate from the standard allotment of ten depositions per side.  The parties anticipate the use of corporate-representative depositions pursuant to Fed. R. Civ. P. 30(b)(6) and potential expert discovery on issues relating to both liability and damages.

(2) <b>A date for Rule 26(a)(1) disclosures.</b>

The parties present separate positions regarding the date for Rule 26(a)(1) disclosures as follows:

**Plaintiff's Position:**    The University states that this matter is a straight-forward infringement case and that the Complaint has presented legitimate claims with more than sufficient detail and specificity and that there is no reason to delay the discovery process while Defendant pursues an unnecessary motion to dismiss. As a result, the University proposes that the parties should exchange 26(a)(1) disclosures within 28 days, on or before February 18, 2022.

**Defendant's Position:**  Vintage's forthcoming motion to dismiss will address the validity of the University's claims as alleged in the Complaint, including whether they are alleged with requisite particularity such that Vintage can properly defend itself.  As such, the Court's ruling on this motion will have

material effect on the scope of discovery proceedings going forward. Moreover, Vintage's answer, affirmative defenses and counterclaims will not be on file until an order issues on Vintage's motion to dismiss. Under these circumstances it is impractical to expect the parties to propound informed and targeted discovery requests, and unreasonable for deadlines to begin running when the claims and defenses are yet undefined. In light of these considerations, Vintage proposes that in the event the University's Complaint survives the motion to dismiss, Rule 26(a)(1) disclosures should be exchanged 14 days following Vintage's filing of its answer, affirmative defenses and counterclaims.

**(3) A date to issue written discovery.**

The parties present separate positions regarding the date to issue written discovery consistent with the discussion in paragraph 4(b)(2) above:

**<u>Plaintiff's Position:</u>** Consistent with the reasons discussed above, the University proposes that discovery should commence immediately and that the parties should exchange initial written discovery within 28 days, on or before February 18, 2022.

**<u>Defendant's Position:</u>** Consistent with the reasons discussed above, Vintage proposes that discovery should not proceed until resolution of its forthcoming motion to dismiss, and written discovery requests may be exchanged 14 days following Vintage's filing of its answer, affirmative defenses and counterclaims.

**(4) Confidentiality order.**

The parties anticipate filing a joint motion for a protective order regarding the handling of confidential and potentially highly confidential information based on the Court's Model Confidentiality Order.

**(5) Health Insurance Portability and Accountability Act (HIPAA) waivers.**

None.

**(6) Fact discovery completion date.**

The parties present separation positions regarding the completion of fact discovery consistent with the discussion in paragraph 4(b)(2) above:

<u>**Plaintiff's Position:**</u>     Consistent with the reasons discussed above, the University proposes that the fact-discovery cut-off should be October 28, 2022.

<u>**Defendant's Position:**</u>  Consistent with the reasons discussed above, Vintage proposes that, in the event Plaintiff's Complaint survives Vintage's motion to dismiss, fact discovery should close 120 days following the date on which Vintage files its answer, affirmative defenses and counterclaims.

**(7) Expert discovery completion date (include proposed deadlines for expert disclosures and depositions).**

The parties propose the following expert discovery schedule that will proceed after the close of fact discovery:

- <u>Deadline for expert reports on issues where a party bears the burden of proof</u>: 45 days after close of fact discovery

- <u>Deadline for responsive expert reports and for responding parties to depose initially disclosed experts</u>:

11

45 days after the deadline for initial expert reports

- <u>Deadline for expert reply reports and for parties to depose responsive experts</u>:

30 days after the deadline for responsive expert reports.

**(8) Filing of dispositive motions.**

Dispositive motions, if any, shall be due 45 days after the deadline for reply expert reports.

**(9) Tentative trial date.**

The parties agree that, particularly in light of their disputes regarding other timing of discovery discussed above, it is difficult to provide a reasonably certain date for trial of this matter at this early stage. In light of that uncertainty, the parties state that they can be trial ready 45 days after the Court issues any ruling on dispositive motions filed by either party. Should there be no dispositive motions filed, the parties can be trial ready 45 days after the close of expert discovery.

**c.     Request for Jury trial and probable length of trial.**

The University has demanded a trial by jury. Although it is difficult to estimate the length of a trial at this early stage, the parties believe the case could be tried in approximately between one and two weeks.

**5. <u>Consent to Proceed Before a Magistrate Judge.</u>**

The parties have discussed the potential advantages of a Magistrate Judge referral and have not unanimously consented to proceed before a Magistrate Judge.

6. **Status of Settlement Discussions.**

   a. **Status of settlement discussions.**

The parties have not had any substantive settlement discussions.

   b. **Whether the parties request a settlement conference.**

The parties do not believe that a settlement conference would be fruitful at this early stage in the litigation.

Dated: January 21, 2022               Respectfully submitted,

                                  By: */s/ David S. Becker*

                                  Andrew Goldstein
                                  David Becker
                                  Freeborn & Peters LLP
                                  311 South Wacker Drive
                                  Suite 3000
                                  Chicago, IL  60606
                                  312.360.6000

                                  By: */s/ Theresa H. Wang*

                                  Richard D. Boostra
                                  Hoogendoorn & Talbot LLP
                                  112 South Michigan Avenue
                                  Suite 1220
                                  Chicago, Illinois 60603-6263
                                  (312) 786-2250

                                  Theresa H. Wang (*pro hac vice*)
                                  Joshua D. Harms (*pro hac vice*)
                                  Stokes Lawrence, P.S.
                                  1420 Fifth Avenue
                                  Suite 3000
                                  Seattle, Washington 98101
                                  (206) 626-6000