**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS,

                Plaintiff,             Case No. 21-cv-06546

       v.

VINTAGE BRAND, LLC,           Hon. John R. Blakey
                                  JURY TRIAL DEMANDED

                Defendant.

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS ("Plaintiff," "Illinois," "the University" or "the University of Illinois"), by and through its attorneys, Freeborn & Peters, LLP, and for its Complaint against Defendant, Vintage Brand, LLC, ("Vintage" or "Defendant"), states as follows:

## SUMMARY

1. Plaintiff, the Board of Trustees of the University of Illinois, is a body politic and corporate established under the constitution and laws of the State of Illinois, to govern and exercise authority over its system of universities, including the University of Illinois Urbana-Champaign, which is located in Urbana, Illinois.

2. The University brings this lawsuit to protect the substantial goodwill that the University has developed in its trademarks and trade dress and to stop Vintage's scheme of unfair competition that is being waged through online sales of infringing goods that are undermining and injuring the University's rights and reputation.

3.    Vintage's unlawful scheme includes Vintage's infringing use of the University's trademarks and trade dress on goods Vintage sells in competition with the University and without a license.

4.    In furthering its illegal activity, Vintage is continually changing the products for sale on its website and, as of the filing of this Complaint, has removed many of the products available and using the University's trademarks and intellectual property discussed herein from easy public view.  Nonetheless, infringing products are still available for purchase and can be found on the Vintage website. Regardless, the University is entitled to an injunction preventing Vintage from again seeking to make, use, or sell, the infringing products discussed herein and to recover damages for previously completed sales.  Thus, the University seeks to enjoin Vintage from using the University's trademarks and trade dress and to obtain damages form Vintage's illicit conduct, and to obtain appropriate declaratory relief.

5.    Unless Vintage is enjoined from infringing on the University's intellectual property, Vintage's unauthorized use will continue to cause consumer confusion and irreparably harm the University.

**JURISDICTION AND VENUE**

6.    Plaintiff's claims are for trademark infringement arising under the Lanham Act 15 U.S.C. §1114, et seq., false designation and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125, et seq., counterfeiting under Lanham Act § 35, 15 U.S.C. § 1117(b) and (c), trademark dilution under the Lanham Act, 15 U.S.C. § 1125 (c), unfair or deceptive acts under the Illinois

Uniform Deceptive Trade Practice Act, 815 ILCS 505, et seq., and unfair competition under common law.

7.    The Court has original subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, 15 U.S.C. §1121, and Fed. R. Civ. P. 13. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13 because those claims are so related to Plaintiffs' claims that they form part of the same case or controversy and derive from a common nucleus of facts.

8.    The Court has personal jurisdiction over the Defendant because, on information and belief, Defendant carries on substantial and continuous business activities in the State of Illinois and throughout the country through its interactive e-commerce websites which target consumers nationwide and specifically in this judicial district. Upon information and belief, Defendant has sold and delivered products to residents in this District and targets internet marketing campaigns that display advertisements and links to consumers in this judicial district, seeking to entice consumers to access its websites and buy Defendant's infringing and misleading products. Particular to the University's claims, Vintage's website also features goods with the University's name, color schemes, and/or logos, all of which are marks protected by the common law and/or federal registrations. For its part, the University operates throughout the State of Illinois, including within this judicial district.

9.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred

in this judicial district and because Defendant is subject to personal jurisdiction in this judicial district.

## THE PARTIES

10.     The University is a body politic and corporate established under the constitution and laws of the State of Illinois, to govern and exercise authority over the University of Illinois Urbana-Champaign, located in Urbana, Illinois, among other universities.

11.     Upon information and belief, Defendant Vintage is a limited liability company organized under the laws of the State of Washington and it maintains a principal place of business in Seattle, Washington. Upon information and belief, Vintage's primary business is selling apparel nationally, over the internet, using a fully interactive e-commerce site that processes transactions nationally and with customers located in the State of Illinois.

## THE UNIVERSITY OF ILLINOIS

12.     Since its founding in 1867, the University of Illinois Urbana-Champaign has earned a reputation as a world-class leader in research, teaching, and public engagement and is a highly respected institution of higher learning.  It is home to over 51,000 students, including students from all 50 states and over 100 countries, and it offers nearly 5,000 courses in more than 150 fields of study, awarding about 7,000 new degrees each spring.

13.     The University of Illinois Urbana-Champaign's 21 Division I men's and women's sports teams are admired by fans all over the United States and around the world, and the teams have long and storied athletics history with rich

tradition. From the start of the Illini baseball team in 1879, to the formation of
the UI Athletic Association in 1890, as a charter member of the Big Ten
Conference in 1896 and as a charter member of the National Collegiate Athletic
Association ("NCAA") in 1906, the University of Illinois has been a national leader
in collegiate athletics. Illinois' Fighting Illini teams have won 18 NCAA
Championships, five football national championships and 248 Big Ten titles, the
second-most in conference history. The University of Illinois has advanced to five
NCAA Men's Basketball Final Fours. University of Illinois Urbana-Champaign
alumni athletes have won 31 Olympic medals while competing for 17 countries
in 25 Olympic Games.

14.     The University of Illinois participates in collegiate athletic
competition at the very highest level. It is, and has been since the conference's
inception in 1896, part of the Big Ten Conference ("Big Ten"). The Big Ten is one
of the "Power Five" conferences along with the Atlantic Coast Conference, the Big
12 Conference, the Pac-12 Conference, and the Southeastern Conference, which
means that the participants in those conferences compete at the pinnacle of
collegiate athletics and routinely play in athletic contests live in front of tens or
hundreds of thousands of spectators while simultaneously being broadcast on
television throughout the world.

15.     In connection with its educational services, athletic events, and
related services, apparel, and merchandise, the University has adopted, makes
extensive use of, and owns rights in and to a family of trademarks and trade
dress including, but not limited to, registered and unregistered marks that



comprise in whole or in part, ILLINOIS, Fighting Illini, Illini,                                    ,



, and                                    each alone, and in combination with the colors

orange and blue (collectively the "Illinois Family of Marks").

16. The University owns incontestable federal registrations for many trademarks, including, but not limited to some of those listed below.

17. The University holds a valid Trademark Registration No. 5,095,860 for the mark ***ILLINOIS*** (the "'860 Registration") covering "Clothing, namely, jackets, vests, ties, caps, sport caps, visor caps, ski caps, hats, scarves, sweaters, gloves, mittens, ladies' and men's and children's t-shirts, men's shirts, ladies' tops, jerseys, sport shirts, golf shirts, basketball shirts, football shirts, sweatshirts, shorts, socks, warm-up suits, baby sleepers, baby shirts" ("Clothing and Apparel"). See, Exhibit A.

18. The University holds a valid Trademark Registration No. 3,692,259 for the mark *ILLINOIS* (the "'259 Registration") covering Clothing and Apparel. The registration also expressly covers assorted merchandise including

"[b]asketballs, foam basketballs, footballs, foam footballs, stuffed toys animals, dolls, golf bags, golf head covers, golf balls, Christmas tree ornaments and Christmas stockings" ("Sporting Equipment and Toys"). See, Exhibit B.

19. The University holds a valid Trademark Registration No. 1,836,231 for "UNIVERSITY OF ILLINOIS LEARNING & LABOR CHARTERED 1867



AGRICULTURE SCIENCE & ART" and Design, as shown here:              (the "'231 Registration") covering Clothing and Apparel. See, Exhibit C.

20. The University holds a valid Trademark Registration No. 2,230,527 for "FIGHTING ILLINI" (the "'527 Registration") covering Clothing and Apparel, Sporting Equipment and Toys, and Educational services. See, Exhibit D.

21. The University holds valid Trademark Registration No. 2,232,024 for



the design              (the "'024 Registration" or "Chief" logo), covering Clothing and Apparel. See, Exhibit E. The logo is uniquely associated with the University of Illinois and its use, particularly in connection with the colors orange and blue and the word "Illinois," and/or the words "Fighting Illini," uniquely denotes identification with the University and is codified as such. (The registered marks identified in paragraphs 17 through 21 are collectively referred to herein as the "Illinois Marks.")

22.    Below are examples of merchandise being sold or offered for sale by the University or its authorized licensees bearing some of the Illinois Family of Marks and/or the Illinois Marks:



As illustrated by the items above, the Illinois Family of Marks, coupled with the colors orange and blue in the shades depicted herein, as well as the name of the University of Illinois coupled with the colors orange and blue in the shades depicted herein, comprise a distinctive and unique trade dress associated with the University's products and services.

23.    Below are examples of "vintage" apparel that is presently being sold by authorized licensees of the University and that utilizes the "Chief" logo that is subject to the valid and incontestable trademark registration discussed above:



Like the examples above, these shirts also include the registered '024 Registration mark and the distinctive orange-and-blue color scheme indicative of the University's trade dress.

24.     A prospective student or consumer accessing the University's website at illinois.edu, is first shown a "landing" page like the one below, emblazoned with blue and orange colors, student-band members clad in the same colors and depictions of registered and unregistered elements of the University's unique trade dress including block-letter "I"s and registered "Illinois" logos like the '860 Registration shown in the bottom left image and on the polo shirts in the top image, all shown in the tell-tale orange-and-blue color scheme of the University as shown below:

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]



25.     That consistency is not new or accidental, but has instead been the color scheme of the University for decades. Thus, when used in concert with the name of the University of Illinois, or with the Illinois Family of Marks, including the Illinois Marks, it establishes a consistent and recognizable trade dress.

26.    Each of the Illinois Marks and examples of the University's apparel and marketing demonstrate that the University uses a unique and distinctive trade dress for its clothing and apparel, as well as its educational services.

27.    As a result of the University's extensive advertising and promotion of its goods and services over many years using the Illinois Marks and trade dress, and through favorable industry acceptance and recognitions, the relevant consuming public have come to recognize and identify the University as the source of top-quality goods and services offered in connection with those trademarks and trade dress.

28.    Accordingly, the Illinois Marks and trade dress are assets of incalculable value that are closely identified with the University and that indicate to the world that the University is the source of the high-quality goods and services it provides. The University has built extensive goodwill in the name of the University, the Illinois Marks, and trade dress.

**THE INCONTESTABILITY, FAME, AND VALUE OF THE ILLINOIS MARKS**

29.    Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), the University's federal registration certificates are *prima facie* evidence of the validity of the Illinois Marks as well as Plaintiff's ownership and exclusive right to use these marks in connection with the identified goods and services.

30.    Many of the Illinois Marks have achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  *See* Exhibits A through E.

31.    The University consistently and prominently uses and displays the Illinois Marks and/or the name of the University in connection with its

educational services, athletic events, clothing and apparel, merchandise, and related goods and services.

32.     As a result of the extensive sales, advertising, and promotion of the University's goods and services under the Illinois Marks, and through widespread consumer acceptance and recognition, the consuming public have come to recognize the Illinois Marks as identifying sources of high-quality products and services offered by the University.

33.     Many of the Illinois Marks have been in use and associated with the University and its goods and services for decades. To honor that history, the University even promotes use of certain of its trademark on products that are termed "vintage" and that are sold separately and in addition to the University's contemporary designs and styles.

34.     The Illinois Marks, including the unique name, "Fighting Illini," the stylized versions of the name "ILLINOIS" in the '860 Registration **ILLINOIS** and the '529 Registration  , the University Seal , and the "Chief Logo" have all become famous and are assets of incalculable value as symbols of the University's quality products and services, and their extensive goodwill.

35.     Consistent with the background discussed in paragraphs 12 through 15 above, students, prospective students, and sports fans all

immediately identify the Illinois Marks as associated uniquely with the University of Illinois. Thus, the Illinois Marks have achieved fame requiring special consideration and protection under both federal and state law.

## DEFENDANT'S INFRINGING ACTIVITIES

36. Defendant operates a website at the domain www.vintagebrand.com.

37. Through its website, Defendant offers a wide variety of apparel and other goods featuring college team names, color schemes, insignias, mascots, logos, and other trademarks and source identifiers.

38. Among the goods offered on Defendant's site, are t-shirts, sweatshirts, pennants, drinkware, posters, magnets, and puzzles, among many other items.

39. Consumers can find team-branded merchandise by navigating a series of drop-down menus, or by performing a keyword search for the team/school whose gear they are searching for.

40. In its drop-down menu displaying "COLLEGE" items, for example, Defendant has listed "Illinois Fighting Illini," clearly conveying to consumers Defendant's intention to associate the apparel offered for sale as being associated with the University and associated with its "Fighting Illini" athletic teams.

41. Further, under the drop-down menu which displayed "COLLEGE" items, after clicking on "VIEW ALL," Defendant prominently displayed a T-shirt with a registered trademark of the University (with four T-shirts bearing other

university logos flanking), highlighting that merchandise with Illinois Marks is a centerpiece of Defendant's business as shown below:



42.     When a consumer clicked on the "Illinois Fighting Illini" link, they were shown a page displaying merchandise with University of Illinois branding as shown below:

[REMAINDER OF PAGE LEFT INTENIONALLY BLANK]



43.    Moreover, if a consumer searched for "Illinois Fighting Illini," they were taken to a page displaying for sale items like those shown below:



44.     The categories of products that were offered on Defendant's website are infringingly emblazoned with the University's trademarks and trade dress are extensive, including what Defendant identifies as "T-SHIRTS," "SWEATSHIRTS," "HATS," "KOOZIES," "DRINKWARE," "COASTERS," "POSTERS," "MAGNETS," "CANVAS," "ALUMINUM WALL ART," "SOCKS," "PUZZLES," AND "CUTTING BOARDS."

45.     Defendant purports to offer goods featuring "vintage" sports branding reproduced from historic memorabilia. Instead, Defendant's products are simply designed and sold by Defendant using the Illinois Marks and trade dress or marks and trade dress that are virtually identical to that of the University and that are a deliberate attempt to take advantage of the tremendous goodwill associated with the University and the Illinois Marks.

46.     Defendant was rather bold about its intention to profit on the University's goodwill, claiming, "The Vintage Brand Illinois Fighting Illini Shop at VintageBrand.com is the ultimate destination for die-hard Illinois Fighting Illini fans and alumni." Further, Defendant identifies the designs depicted on the pages as "ILLINOIS FIGHTING ILLINI VINTAGE DESIGNS."

47.     Representative examples of infringing goods using the Illinois Marks displayed on Vintage's website include:



48. Defendant has used the Illinois Marks and the University's trade dress on their apparel by creating various designs that copy, embody, or otherwise mimic the Illinois Marks including at least the designs depicted in paragraph 47 above and paragraphs 55 through 58 below (collectively, the "Infringing Designs").

49. In no instance has Defendant ever sought or received any license to make, use, or sell any of the trademarks or trade dress embodied in the merchandise bearing the Illinois Marks that Defendant is marketing and selling at its website and the University does not itself make or sell the items sold on that website.

50.     Thus, Defendant markets and sells without authorization a wide variety of apparel and other items featuring designs that are identical to the Illinois Marks and the University's trade dress.

51.     Long after many of the Illinois Marks and the University's trade dress had become famous in the United States, Defendant began using these copied and/or confusingly similar marks in an obvious attempt to ride on the coattails of the University's fame and to improperly trade on the goodwill that the University has worked so hard to build in its distinctive brand.

52.     Defendant has used the Infringing Designs in U.S. commerce by marketing and selling their merchandise, including on and through Defendant's website.

53.     Upon information and belief, Defendant had full knowledge of the University's rights and the Illinois Marks and University trade dress from the very first use of the Infringing Designs.

54.     The Infringing Designs are direct copies of the University's trademarks and/or trade dress and/or are confusingly similar when viewed, thus giving a commercial impression that is also confusingly similar.

55.     For example, Defendant infringingly uses the words "Fighting Illini" that are the subject of a valid and incontestable federal trademark registration as discussed above, for instance, on the following Infringing Designs:



The "Fighting Illini" trademark was also used throughout the Defendant's website to describe at least dozens, if not hundreds, of items that Defendant was clearly intending to sell as products associated with the University.

56. Moreover, Defendant infringingly used a seal on its Infringing Designs that is confusingly similar to the University's official seal which is protected by a valid and incontestable federal trademark registration, as demonstrated below:

| Illinois Mark(s) | Examples of Infringing Designs |
| --- | --- |
|  | |

57. Defendant further infringingly used the "Chief" logo which is also protected by a valid and incontestable federal trademark registration on a variety of Infringing Designs available for sale at its website as depicted below:

| Illinois Mark(s) | Examples of Infringing Designs |
|---|---|
|  | |

58.     Moreover, Defendant infringingly uses the stylized word "Illinois" which is protected by a valid and incontestable federal trademark registration on Infringing Designs available for sale at its website as depicted below:

| Illinois Mark(s) | Examples of Infringing Designs |
|---|---|
| ILLINOIS | |

59.     The goods offered for sale by Defendant using the Infringing Designs are directly competitive with the goods offered by Plaintiff under its Illinois Marks and University trade dress.

60.     In the time since the University originally filed its Complaint in this matter, Defendant has at least twice changed the items offered for sale on its website. As of February 8, 2022, a review of the website revealed that Defendant had apparently hidden from easy visability many of the "Fighting Illini" labeled items and many of the Infringing Designs discussed herein. However, a listing of infringing products remains available for sale and can be accessed by performing a simple Internet search and directly loading the website vintagebrand.com/l/college/t/illinois-fighting-illini. To date, Defendant has not had any contact with the University about why it has made those changes and/or whether it will agree to never again sell any of the Infringing Designs. Thus, the University believes that Defendant will, at any moment, revive those previous offerings on their website.  As a result, the University has the same need now as it did at the time it initially filed its Complaint for the injunctive relief it seeks herein. Moreover, it continues to pursue damages suffered by the historical sales undertaken by Defendant using the Infringing Designs as further sought herein.

61.     The University never authorized Defendant's use of the Illinois Marks, University trade dress, or the University's name in the Infringing Designs.

62.     The Infringing Designs are either direct copies or so closely resemble the Illinois Marks that, when used in connection with Defendant's goods, they are highly likely to cause confusion, mistake, or deception amongst consumers and others in the relevant trade. Consumers will likely be led to believe that Defendant's goods are in some way associated with, connected with, approved by, sponsored by, and/or authorized by the University, when that is not the case.

63.    Defendant's Infringing Designs are counterfeits of the Illinois Marks, as defined in 15 U.S.C. § 1116(d).

64.    The Infringing Designs also so closely resemble the Illinois Marks and/or imply association with the University that, when used in connection with Defendant's goods, they are likely to cause dilution by blurring the University's famous Illinois Marks. Due to the close similarity between the Illinois Marks and the Infringing Designs, Defendant's use of the University's name, and Defendant's use of University's trade dress, consumers would likely associate Defendant and/or Defendant's goods with the University's goods and services, which will impair the distinctiveness of the University's famous Illinois Marks and trade dress.

### COUNT I
### Federal Trademark Infringement
### (Lanham Act § 32(1), 15 U.S.C. § 1114(1))

65.    The University re-alleges and incorporates herein by reference paragraphs 1-64 above as if fully stated herein.

66.    The University holds valid and existing federal Trademark Registration No. 5,095,860 for the mark  and has continuously used the mark since at least April 2014.

67.    The University holds valid and existing federal Trademark Registration No. 3,692,259 for the mark  and has continuously used the mark since at least December 1994.

68. The University holds valid and existing federal Trademark Registration No. 1,836,231 for the mark "UNIVERSITY OF ILLINOIS LEARNING & LABOR CHARTERED 1867 AGRICULTURE SCIENCE & ART" and Design, as shown here  and has continuously used the marks since at least September 1991.

69. The University holds valid and existing federal Trademark Registration No. 2,230,527 for "FIGHTING ILLINI" and has continuously used the mark since at least December 1994.

70. The University holds valid and exiting federal Trademark  Registration No. No. 2,232,024 for the design , and has continuously used the mark since at least 1994.

71. The Illinois Marks, when used individually, collectively, or with others of the Illinois Family of Marks and in conjunction with the colors blue and orange as indicated in the pictures and artwork depicted in paragraphs 15 and 22 through 24 above, form a unique and identifiable trade dress conveying to consumers that products displaying those colors and symbols are associated with the University of Illinois.

72.    The University owns, has the exclusive right to use, and actively uses the Illinois Marks and its related trade dress and has not, in any way, authorized Defendant to use or to exploit the Illinois Marks and/or its trade dress.

73.    Defendant has marketed, advertised, and sold products incorporating the Illinois Marks and the University's trade dress through Defendant's website accessible throughout the United States and in the State of Illinois.

74.    As described above in paragraphs 55 through 58, Defendants have used, marketed, and sold products described with or displaying the Illinois Marks as if those products were licensed or otherwise associated with the University of Illinois.

75.    Defendant's acts have caused, or are likely to cause, confusion, mistake, or deception, and it is likely that the public will mistakenly believe that Defendant's apparel and other products have their source or origin with the University of Illinois or that Defendant's products are in some manner approved by, associated with, sponsored by, or connected with the University, all in violation of 15 U.S.C. §§ 1114 et. seq.

76.    Upon information and belief, Defendant's actions were undertaken willfully, and with the intent to confuse and deceive the public.

77.    Defendant's acts have damaged, or may damage, the University's business, reputation and goodwill and have interfered, or may interfere, with the University's use of the Illinois Marks and its trade dress.

78.     Defendant has caused, and unless enjoined will continue to cause, irreparable harm and injury to the University for which there is no adequate remedy at law.

79.     Pursuant to 15 U.S.C. § 1116, Defendant should be preliminarily and, upon final hearing permanently, enjoined from using the Infringing Designs or variants thereof, or otherwise infringing on the Illinois Marks or the University's trade dress.

80.     Pursuant to 15 U.S.C. § 1117, the University is entitled to recover from Defendant:

> a.     All profits received by Defendant from its use of the Infringing Designs;
>
> b.     Actual damages sustained by the University due to Defendant's use of the Infringing Designs;
>
> c.     Exceptional damages (including trebling) for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater;
>
> d.     An order, pursuant to 15 U.S.C. § 1118 compelling Defendant to destroy all materials bearing the Infringing Designs or variants thereof;
>
> d.     All costs of this action, including attorneys' fees, interest; and/or
>
> e.     statutory damages under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT II**
**Trademark Counterfeiting**
**(Lanham Act § 35, 15 U.S.C. § 1117(b) and (c))**

81.     The University re-alleges and incorporates herein by reference paragraphs 1-80 above.

82.     The University owns valid and existing rights in and to the Illinois Marks.

83.     As alleged in paragraphs 47 and 55 through 58 above, Defendant uses in interstate commerce at least the depicted and described marks (also referred to as the Infringing Designs) that are identical with and/or substantially indistinguishable from the Illinois Marks in connection with Defendant's promotion and sale of Defendant's apparel and other goods.

84.     Defendant's unauthorized use of the Infringing Designs is likely to cause confusion and mistake among consumers and others as to the source, origin or sponsorship of Defendant's products sold using the Infringing Designs.

85.     Defendant's unauthorized use of the Infringing Designs is a knowing, willful, and intentional violation of the University's rights.

86.     Defendant intentionally used the Infringing Designs knowing that the Infringing Designs are counterfeits of the Illinois Marks.

87.     Defendant's conduct constitutes willful counterfeiting pursuant to 15 U.S.C. §§ 1116(d) and 1117(b) and (c).

88.     By reason of the foregoing, the University is entitled to recover Defendant's profits and/or actual damages, trebled, reasonable attorneys' fees, and prejudgment interest, and/or statutory damages for each counterfeit mark or design used.

**COUNT III**
**Federal Trademark Dilution**
**(Lanham Act § 43(c), 15 U.S.C. § 1155(c))**

89.     The University re-alleges and incorporates herein by reference paragraphs 1-88 above.

90.     The University owns valid and existing rights in and to the Illinois Marks.

91.     Through long-standing and continued use, product and service promotion, and widespread consumer recognition, many of the Illinois Marks have become famous. Long after those Illinois Marks became famous, Defendant began using (and is still using) the Infringing Designs on their similar apparel and goods.

92.     In so doing, Defendant is improperly creating a false association between their unauthorized products and the University and/or the Illinois Marks. This association is likely to cause a dilution of the strong goodwill that the University has built in the Illinois Marks, in violation of 15 U.S.C. § 1125(c).

93.     Further, Defendant's acts constitute dilution by blurring of the University's famous Illinois Marks in violation of 15 U.S.C. § 1125(c).

94.     As a result of Defendant's wrongful and intentional conduct, Plaintiff has been damaged and will continue to be damaged in an amount to be determined at trial.

95.     Defendant's unauthorized use of the Infringing Designs is knowing and willful and with the intent to trade on the substantial goodwill the University has established in the Illinois Marks.

96.    Unless enjoined, Defendant's behavior will continue and will continue to cause the University to suffer irreparable harm for which there is no adequate remedy at law. Plaintiffs are therefore entitled to injunctive relief.

97.    Plaintiffs have been harmed by Defendant's unauthorized use of the Infringing Designs and are entitled to monetary relief.

## COUNT IV
### False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

98.    The University re-alleges and incorporates herein by reference paragraphs 1-97 above.

99.    The University uses and owns the Illinois Marks in connection with the sale of, among other things, apparel and merchandise, and educational services. The Illinois Marks are inherently distinctive and/or have acquired secondary meaning as a designation of source for the University.

100.    In connection with its promotion and sale of its own apparel and merchandise, Defendant uses in interstate commerce the Infringing Designs.

101.    Defendant's use of the Infringing Designs is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship or affiliation of the parties' products.

102.    Consumers seeing apparel and merchandise sold displaying the Infringing Designs in the marketplace are likely to believe those products are sponsored by, associated with, authorized by, or otherwise affiliated with the University, when they are not.

103. Defendant's use of the Infringing Designs constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104. Defendant's use of the Infringing Designs is a knowing, willful, and intentional violation of the University's rights.

105. Defendant's acts of false designation of origin, unless restrained, will cause great and irreparable harm to Plaintiffs and to the significant goodwill represented by the Illinois Marks, in an amount that cannot be ascertained at this time, leaving Plaintiff with no adequate remedy at law.

106. By reason of the foregoing, the University is entitled to injunctive relief against Defendant, restraining it from any further acts of false designation of origin, and are also entitled to recovery of Defendant's profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT V
### Illinois Trademark Infringement
### (765 ILCS 1036/60)

107. The University re-alleges and incorporates herein by reference paragraphs 1-106 above.

108. This cause of action arises under Illinois' Trademark Registration and Protection Act, 765 ILCS 1036, et seq.

109. Defendant's use of the Infringing Designs constitutes trademark infringement in violation of § 60 of that statute because Defendant has used, without the University's consent, reproductions, counterfeits, copies, and

colorable imitations of the Illinois Marks by using the Infringing Designs on the clothing and apparel and other products that Defendant has been selling. Defendant has also applied the Infringing Designs to labels, signs, and prints in violation of the statute.

110.   Defendant's use of the Infringing Designs is likely to cause confusion or mistake or to deceive the public as to the source of origin of the apparel and goods marketed and/or sold be Defendant using the Infringing Designs.

111.   Defendant's use of the Infringing Designs was done with knowledge that its imitation was intended to cause confusion, or to cause mistake, or to deceive.

112.   Because the University is one of the premier universities in the State of Illinois and, as discussed above, the Illinois Marks have attained fame and general recognition throughout the State, and the Illinois Marks are famous in the State of Illinois within the meaning of 765 ILCS 1036/65.

113.   Defendant's acts of trademark dilution were undertaken with willful intent to trade on the University's reputation and goodwill.

114.   Defendant's acts have caused injury and damage to the University, and have caused irreparable harm to the University's goodwill and reputation and, unless enjoined, will cause further irreparable injury such that the University has no adequate remedy at law.

115. As a result of Defendant's infringing and diluting conduct, the University is entitled to:

a.  an injunction preventing Defendant from making, using, displaying, and/or selling products using the Infringing Designs or any variants thereof;

b.  an award of all profits derived from Defendant's sale of products using the Infringing Designs;

c.  actual damages suffered by the University;

d.  an order compelling Defendant to collect and deliver to the Court or to Plaintiff for destruction all goods displaying the Infringing Designs;

e.  trebling of the amount of the profits and damages awarded; and

f.  an award of reasonable attorneys' fees and costs.

### COUNT VI
### Violation of Illinois' Uniform Deceptive Trade Practices Act
### (815 ILCS 510, *et seq.*)

116.  The University re-alleges and incorporates herein by reference paragraphs 1-115 above.

117.  The University owns, has the exclusive right to use, and actively uses the Illinois Marks and the University's trade dress in the United States and in Illinois.

118.  As alleged herein, Defendant has, without consent or authorization from the University, used the Infringing Designs on its clothing and apparel and other products that are sold in interstate commerce, including in the State of Illinois.

119.  The similarity between Defendant's products displaying the Infringing Designs and the Illinois Marks and trade dress is so great as to be likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products in that the public and other are likely to believe that

Defendant's products are manufactured by, promoted by, sponsored by, approved by, licensed by, affiliated with, or in some other way connected with the University and its renowned Illinois Marks and trade dress.

120. Defendant's unauthorized use of the Illinois Marks and the University's trade dress in the Infringing Designs and Infringing Works are confusingly similar to the University's distinct and well-known Illinois Marks and trade dress and constitutes deceptive trade practices under 815 ILCS 510/1, *et seq.* because Defendant is (a) passing off goods as those of another, (b) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods, (c) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another, (d) representing that its goods have sponsorship, approval, characteristics, benefits, or quantities that they do not have or that Defendant has a sponsorship, approval, status, affiliation, or connection that it does not have, and/or (e) otherwise engaging in conduct which creates a likelihood of confusion or misunderstanding.

121. Due to the unfair nature of Defendant's actions, Defendant has caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to the University, for which the University has no adequate remedy at law.

122. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Illinois Marks and trade dress, thus entitling the University to injunctive relief and to recover

Defendant's profits, actual damages, enhanced profits and damages, costs, and attorneys' fees.

## COUNT VII
### Unfair Competition

123.  The University re-alleges and incorporates herein by reference paragraphs 1-122 above.

124.  Defendant's use of Infringing Designs and the solicitation of customers in competition with the University deprive the University of sales of merchandise or other prospects. In addition, Defendant's actions are likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with the University, or as to the origin, sponsorship, or approval of Defendant's products or commercial activities by the University.

125.  Defendant's conduct constitutes unfair competition in violation of Illinois common law.

126.  Defendant's acts of common law unfair competition have been done willfully and deliberately, and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made if not for its unlawful conduct.

127.  Defendant's willful and deliberate acts, as described above, have caused injury and damage to the University, and have caused irreparable injury to the University's goodwill and reputation and, unless enjoined, will cause further irreparable injury leaving the University with no adequate remedy at law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Adjudicating and decreeing that Defendant has infringed the University's trademark rights in the Illinois Marks and its trade dress.

B. Adjudicating and decreeing that Defendant has counterfeited the Illinois Marks.

C. Adjudicating and decreeing that Defendant has diluted the Illinois Marks.

D. Adjudicating and decreeing that Defendant has created a false association with the University.

E. Preliminarily and permanently enjoining and restraining Defendant, its directors, members, officers, agents, servants, employees, parents, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendant, at first during pendency of this action and thereafter perpetually:

    i. from committing any acts of trademark infringement, trademark dilution, deceptive trade practices, unfair competition, and/or conversion, and from implying a false designation of origin or a false description or representation with respect to the Illinois Marks;

    ii. from using in any manner packaging, labels, signs, literature, display cards, Internet websites, or other packaging, advertising, promotional materials, or other materials using the Infringing Designs or any other marks, words, names, or designs that are confusingly similar thereto;

    iii. from making any statements on promotional materials or advertising for its goods or services that are false or misleading as to the source or origin or affiliation with, sponsorship by, or connection to the University; and

    iv. from using any designation that is likely to tarnish, blur, or dilute the distinctive quality of the Illinois Marks.

F. Requiring that Defendant deliver to the University or the Court any and all materials, including apparel and products which in any way unlawfully use or make reference to the infringed Illinois Marks or trade dress.

G.  Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of any injunction, file with the Court and serve upon the University's counsel a written report under oath setting forth details of how Defendant has complied with the Court's order as outlined in E and F above.

H.  Awarding damages to the University as a result of Defendant's willful infringement and unfair competition in an amount including awards for the University's actual damages and/or Defendant's profits, disgorgement of ill-gotten gains achieved by Defendant, and the University's attorneys' fees and costs, to be trebled pursuant to applicable State and Federal laws.

I.  Requiring Defendant to pay statutory damages per Infringing Design and type of good sold, offered for sale, or distributed in accordance with 15 U.S.C. § 1117(c).

J.  Awarding the University its attorneys' fees and costs along with pre- and post-judgment interest on all amounts awarded against Defendant.

K.  Award Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

THE BOARD OF TRUSTEES FOR THE UNIVERSITY OF ILLINOIS

By: */s/ David S. Becker*___
One of Its Attorneys

Andrew Goldstein
David Becker
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
312.360.6000

Dated:        February 9, 2022