IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE BRAND, LLC,<br><br>Defendant. | Case No. 1:21-cv-06546<br><br>The Honorable John R. Blakey |

### DECLARATION OF THERESA H. WANG

I, Theresa H. Wang, declare and state the following:

1. I am a shareholder at the law firm Stokes Lawrence, P.S. and one of the counsel of record for Vintage Brand, LLC ("Vintage Brand") in this lawsuit.

2. Attached as Exhibit A is a true and correct copy of an email chain dated March 21, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED at Seattle, Washington this 31st day of March, 2022.

 /s/ Theresa H. Wang
 Theresa H. Wang (admitted *pro hac vice*)

# EXHIBIT A

# Alicia Cason

| | |
|---|---|
| **From:** | Theresa Wang |
| **Sent:** | Monday, March 21, 2022 3:53 PM |
| **To:** | 'Catalano, Jeffrey J.'; Goldstein, Andrew L. |
| **Cc:** | Josh Harms; 'Rick Boonstra'; 'Todd Postma'; Alicia Cason; Self, D. Richard |
| **Subject:** | RE: University of Illinois v. Vintage Brand - Motion for Leave to File Second Amended Complaint |

Jeffrey:  Thank you for sending this along, it is helpful for Vintage's consideration.  Based on the representations below and the near-final draft of the proposed Second Amended Complaint, assuming there are no substantive, material changes to the draft prior to filing, Vintage Brand consents to the submission.

Vintage Brand will note, however, that it takes issue with being forced to incur the substantial cost of filing two motions to dismiss when the University could have taken these steps at the outset.  Or at minimum, following Vintage Brand's first Rule 12(b)(6) motion.  Instead, as the University appears to concede with this latest iteration, insufficiently pled claims persisted in the First Amended Complaint, even after Vintage Brand's motion specifically pointed out those flaws.  This is particularly true with regard to the threshold requirements for bringing Illinois Trademark Registration and Protection Act claims, which the Second Amended Complaint strikes in their entirety.

In light of these and other considerations, Vintage Brand reserves all rights to pursue remedies for incurring fees/costs for what ought to have been needless rounds of Rule 12(b)(6) briefing.  Put another way, Vintage Brand should not have had to file dispositive motions to finally understand the actual scope of the University's claims, and what marks and trade dress are (or are not) at issue.  Vintage Brand will consider its options and proceed accordingly.

Best,

Theresa.

---

**From:** Catalano, Jeffrey J. <jcatalano@freeborn.com>
**Sent:** Monday, March 21, 2022 10:38 AM
**To:** Theresa Wang <Theresa.Wang@stokeslaw.com>; Goldstein, Andrew L. <agoldstein@freeborn.com>
**Cc:** Josh Harms <Joshua.Harms@stokeslaw.com>; 'Rick Boonstra' <RBoonstra@htlaw.com>; 'Todd Postma' <tpostma@htlaw.com>; Alicia Cason <Alicia.Cason@stokeslaw.com>; Self, D. Richard <rself@freeborn.com>
**Subject:** RE: University of Illinois v. Vintage Brand - Motion for Leave to File Second Amended Complaint

Theresa:

Thank you for your response.  Please see attached, which is near final but is still awaiting final approval plus a proofread.

I'd be happy to discuss if you have concerns as our intention was to put 12(b)(6) motion practice behind us.

Best,

**JEFFREY J. CATALANO**
Attorney at Law

1

(312) 360-6832 direct
(773) 852-6161 mobile
jcatalano@freeborn.com

**From:** Theresa Wang <Theresa.Wang@stokeslaw.com>
**Sent:** Monday, March 21, 2022 11:36 AM
**To:** Catalano, Jeffrey J. <jcatalano@freeborn.com>; Goldstein, Andrew L. <agoldstein@freeborn.com>
**Cc:** Josh Harms <Joshua.Harms@stokeslaw.com>; 'Rick Boonstra' <RBoonstra@htlaw.com>; 'Todd Postma' <tpostma@htlaw.com>; Alicia Cason <Alicia.Cason@stokeslaw.com>; Self, D. Richard <rself@freeborn.com>
**Subject:** RE: University of Illinois v. Vintage Brand - Motion for Leave to File Second Amended Complaint

External Email

Jeffrey: Do you have a copy of the Second Amended Complaint prepared, rather than a bullet point description of the changes the University proposes? As you must know, Vintage has invested significant resources into the second motion to dismiss, and cannot simply concede to a Second Amended Complaint without knowing precisely how it addresses the issues raised in Vintage's motion. Nobody wants a third motion to dismiss.

Thanks,

Theresa.

**From:** Catalano, Jeffrey J. <jcatalano@freeborn.com>
**Sent:** Monday, March 21, 2022 7:33 AM
**To:** Theresa Wang <Theresa.Wang@stokeslaw.com>; Goldstein, Andrew L. <agoldstein@freeborn.com>
**Cc:** Josh Harms <Joshua.Harms@stokeslaw.com>; 'Rick Boonstra' <RBoonstra@htlaw.com>; 'Todd Postma' <tpostma@htlaw.com>; Alicia Cason <Alicia.Cason@stokeslaw.com>; Self, D. Richard <rself@freeborn.com>
**Subject:** RE: University of Illinois v. Vintage Brand - Motion for Leave to File Second Amended Complaint
**Importance:** High

Counsel:

Following up on the email below. Please let us know by close of business today if Vintage Brand will consent to Plaintiff filing a Second Amended Complaint or if we must file an opposed motion.

Given the upcoming deadline for our response and Judge Blakey's notice requirement, we will file a motion for leave Wednesday morning, if a motion is required.

Best regards,

**JEFFREY J. CATALANO**
Attorney at Law
(312) 360-6832 direct
(773) 852-6161 mobile
jcatalano@freeborn.com

**From:** Catalano, Jeffrey J.
**Sent:** Thursday, March 17, 2022 11:36 AM
**To:** 'Theresa Wang' <Theresa.Wang@stokeslaw.com>; Goldstein, Andrew L. <agoldstein@freeborn.com>

**Cc:** Josh Harms <Joshua.Harms@stokeslaw.com>; Rick Boonstra <RBoonstra@htlaw.com>; 'Todd Postma' <tpostma@htlaw.com>; Alicia Cason <Alicia.Cason@stokeslaw.com>; Self, D. Richard <rself@freeborn.com>; Catalano, Jeffrey J. <jcatalano@freeborn.com>
**Subject:** RE: University of Illinois v. Vintage Brand - Motion for Leave to File Second Amended Complaint

Counsel:

Please be advised that Plaintiff intends file a Second Amended Complaint, as follows:

- Removing reference to trade dress (subject to the clarification regarding University Common Law Marks below);
- Removing reference to unregistered marks in Count I, Federal Trademark Infringement [Lanham Act Section 32(1)]
- Dropping Count III, Federal Trademark Dilution
- Dropping Count V, Illinois Trademark Infringement (765 ILCS 1036/60)
- Removing references to "fame"
- Removing allegations related to a "family" of trademarks marks.

In addition, the proposed Second Amended Complaint makes the following changes (in addition to other conforming changes, such as moving paragraphs around for organizational purpose):

- Removing the definition of "Illinois Marks" in favor of two defined terms: the "University Registered Marks" and the "University Common Law Marks."
- The University Registered Marks are defined to include the marks set forth in Exhibits A-E of the Amended Complaint, as well as Reg. No. 2,315,363 (the Block I design) which is added as Exhibit F.
- The University Common Law Marks are defined as "(i) UNIVERSITY OF ILLINOIS, (ii) THE UNIVERSITY OF ILLINOIS, (iii) ILLINI, and (iv) the color scheme of orange and blue in connection with one or more other identifying indicia of the University, including "Illinois," "Illini," "Urbana-Champaign," "I" in block lettering, the name, images or likenesses of "Chief Illiniwek," the name or image of Memorial Stadium, the name or image of the State Farm Center (including its former name "Assembly Hall"), and any of the University Registered Marks defined above.
    - As noted above, the University Common Law Marks are not referenced in connection with the 32(1) trademark infringement claim (Count I) or the Lanham Act counterfeiting claim (Count II).

As apparent from the changes identified above, Plaintiff's amendments will moot Defendant's motion to dismiss, essentially granting the vast majority of the relief requested and clarifying and narrowing Plaintiff's claims with respect to color to a definition which clearly passes muster at this stage.. *See Board of Supervisors for Louisiana State University Agricultural and Mechanical College v. Smack Apparel Co.*, 550 F.3d 465, (5th Cir. 2008)("Because the Court recognizes that trademarks may include color, we see no reason to exclude color plus identifying indicia from the realm of protective marks provided the remaining requirements for protection are met.")

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff hereby requests Defendant's written consent to file a Second Amended Complaint. Please let us know if Defendant consents or if an opposed motion is required.

We would be happy to discuss if you have questions.

Best,


**JEFFREY J. CATALANO**
Attorney at Law
(312) 360-6832 direct
(773) 852-6161 mobile
jcatalano@freeborn.com