**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTH DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | Case No. 21-cv-06546 |
| Plaintiff, | |
| v. | |
| VINTAGE BRAND, LLC, | Hon. John R. Blakey |
| Defendant. | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**
**PURSUANT TO FED. R. CIV. P. 12(f)**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. LEGAL FRAMEWORK ........................................................................................2

III. ARGUMENT .........................................................................................................3

    A. Vintage Brand's Anticompetition Defense Should Be Stricken (Seventh Affirmative Defense). ...............................................................................3

        1. The *Noerr-Pennington* precludes Vintage Brand from asserting an affirmative defense based on the alleged anticompetitive effect of bringing the present action. .........................................................4

        2. Vintage Brand fails to allege a plausible basis for an "anticompetition defense." ....................................................................5

    B. Vintage Brand's Aesthetic Functionality Defense Should Be Stricken (Fifth Affirmative Defenses) ......................................................................6

    C. Vintage Brand's Utilitarian Functionality Defense Should Be Stricken (Sixth Affirmative Defenses)......................................................................8

    D. Vintage Brand's Two "Public Domain" Defenses Should be Stricken (Seventeenth and Eighteenth Defenses) ...................................................8

    E. Vintage Brand's Statute of Limitations Affirmative Defense Should Be Stricken (Second Affirmative Defense) ..................................................10

    F. Vintage Brand's "Laches, Acquiescence, or Any Other Time-Based Defense" Affirmative Defense Should Be Stricken (Third Affirmative Defense)....................................................................................................10

        1. Vintage Brand fails to plead an affirmative act or deed required for estoppel by acquiescence. ....................................................10

        2. Vintage Brand fails to plead facts sufficient to plausibly state a defense for estoppel by laches................................................11

        3. Vintage Brand's "any other time-based defense" should be stricken. ..........................................................................................12

    G. Vintage Brand's Estoppel Defense Should be Stricken (Fourth Affirmative Defense)................................................................................12

    H. Vintage Brand's No Causation of Damages Defense Should Be Stricken (Tenth Affirmative Defense). ..................................................................13

    I. One of Vintage Brand's Two Unclean Hands Defenses Should Be Stricken (Eleventh and Nineteeth Affirmative Defense) ..........................13

    J. Vintage Brand's Due Care and Compliance Affirmative Defense Should Be Stricken (Thirteenth Affirmative Defense) .......................................14

# TABLE OF CONTENTS
(continued)

**Page**

K. Vintage Brand's Failure to Mitigate Damages Affirmative Defense Should Be Stricken (Fourteenth Affirmative Defense) ....................................................14

L. Vintage Brand's Sufficiency-of-Complaint Affirmative Defenses Should Be Stricken (First and Sixteenth Affirmative Defenses)....................................14

M. Vintage Brand's Reservation of Rights Affirmative Defense Should Be Stricken (Twentieth Affirmative Defense).........................................................15

IV. CONCLUSION ............................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adidas Am., Inc. v. TRB Acquisitions LLC*,
  3:15-cv-21, 2018 WL 10335661 (D. Ore. Dec. 13, 2018) ...................................................6

*AHP Subsidiary Holding Corp, Inc. v. Stuart Hale Co.*,
  89-c-8566, 1993 WL 498331 (N.D. Ill. Dec. 1, 1993) ...........................................................5

*Alpha Tau Omega Fraternity, Inc. v. Pure Country, Inc.*,
  No. IP 01-1054-C, 2004 WL 3391781 (S.D. Ind. Oct. 26, 2004) ...........................................7

*AM Gen. Corp. v. DaimlerChrysler Corp.*,
  311 F.3d 796 (7th Cir. 2002) ...............................................................................................12

*Bd. of Supervisors for La. State Univ. Agric. and Mech. Coll. v. Smack Apparel Co.*,
  550 F.3d 465 (5th Cir. 2008) ..............................................................................................7, 8

*Bell v. Taylor*,
  827 F.3d 699 (7th Cir. 2016) .................................................................................................2

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
  404 U.S. 508 (1972) ..............................................................................................................4

*Cohn v. Taco Bell Corp.*,
  No. 92 C 5852, 1995 WL 493453 (N.D. Ill. Aug. 16, 1995) ................................................14

*Crabtree v. Experian Info. Sols., Inc.*,
  2017 WL 11473864 (N.D. Ill. Aug. 18, 2017) ....................................................................10

*E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*,
  365 U.S. 127 (1961) ..............................................................................................................4

*Flexible Steel Lacing Co. v. Conveyer Accessories, Inc.*,
  955 F.3d 632 (7th Cir. 2020) ..............................................................................................7, 8

*Franklin Capital Corp. v. Baker & Taylor Entm't, Inc.*,
  No. 99 C 8237, 2000 WL 1222043 (N.D. Ill. Aug. 22, 2000) .............................................14

*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
  883 F.2d 1286 (7th Cir. 1989) ...........................................................................................2, 3

*Hot Wax, Inc. v. Turtle Wax, Inc.*,
  191 F. 3d 813 (7th Cir. 1999) ...........................................................................................10, 12

*Hyson USA, Inc. v. Hyson 2U, Ltd.*,
  821 F.3d 935 (7th Cir. 2016) ............................................................. 11

*Janssen v. BRI Holding, LLC*,
  16-cv-10098, 2017 WL 2080424 (N.D. Ill. May 15, 2017) (Blakey, J.) ..................... 3, 6, 13

*Maui Jim, Inc. v. SmartBuy Guru Enters.*,
  386 F. Supp. 926 (N.D. Ill. 2019) ........................................................ 5

*Ohio State Univ. v. Skreened Ltd.*,
  16 F. Supp. 3d 905 (S.D. Ohio 2014) ..................................................... 7

*Pietrzycki v. Heights Tower Serv., Inc.*,
  No. 14-C-6546, 2015 WL 688510 (N.D. Ill. Feb. 17, 2015) ............................... 2, 15

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*,
  508 U.S. 49 (1993) ...................................................................... 4

*Raquet v. Allstate Corp.*,
  348 F. Supp. 3d 775 (N.D. Ill. 2018) ................................................... 15

*Sarkis' Café, Inc. v. Sarks in the Park, LLC*,
  55 F. Supp. 3d 1034 (N.D. Ill. 2014) .................................................... 3

*Texas Tech Univ. v. Spiegelberg*,
  461 F. Supp. 2d 510 (N.D. Tex. 2006) .................................................... 8

*Thermos Co. v. Igloo Prod. Corp.*,
  No. 93 C 5826, 1995 WL 842002 (N.D. Ill. Sept. 27, 1995) .............................. 4, 5

*Uncommon LLC v. Spigen Inc.*,
  15-C-10897, 2016 WL 3997597 (N.D. Ill. July 26, 2016) (Blakey, J.) ................. *passim*

*United Mine Workers v. Pennington*,
  381 U.S. 657 (1965) ..................................................................... 4

*Warner Bros. Entm't, Inc. v. X One X Prods.*,
  840 F.3d 971 (8th Cir. 2016) ............................................................ 9

**Other Authorities**

Fed. R. Civ.P. 8 and 9 ..................................................................... 3

J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition*, §
  31:12 (5th Ed. 2022) ................................................................... 12

J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition*, §
  31:105 (5th Ed. 2022) .................................................................. 5

iv

Fed. R. Civ.P. Rule 12(b)(6) .................................................................................. 3, 15

Fed. R. Civ.P. Rule 12(f) ................................................................................. 1, 2, 5, 14

Fed. R. Civ.P. Rule 26 ........................................................................................... 6

United States Constitution First Amendment .......................................................... 4, 9

## I.    INTRODUCTION

The University brought this action to stop Vintage Brand's rampant trademark infringement, counterfeiting, and unfair competition through the sales of unauthorized, University-branded merchandise. The Second Amended Complaint (i) identifies six federally-registered trademarks and a number of common law marks owned by the University; (ii) demonstrates use of these marks by the University and its licensees; and (iii) demonstrates Vintage Brand's use of identical or substantially indistinguishable designs. Vintage Brand admits it has used the identified designs containing "text or design elements to which the University claims trademark rights."

Having admitted use, Vintage Brand seeks to clutter the case by raising 20 scattershot affirmative defenses. But its affirmative defenses are largely insufficiently pleaded and deficient as a matter of law. This Rule 12(f) Motion is necessary because several of Vintage Brand's purported affirmative defenses, if left intact, would serve to broaden the scope of fact and expert discovery and interject needless complexity and expense into this otherwise straightforward case.

Most notably, Vintage Brand asserts "[t]he University's claims are barred and/or limited as an anticompetitive, illegal restraint of trade." (Def.'s Answer and Affirm. Defs. p. 42, Dkt. 46.) Read narrowly (*i.e.* the act of bringing this case is the anticompetitive act), this affirmative defense is precluded by *Noerr-Pennington*. Read more broadly, this affirmative defense is doubly problematic, as Vintage Brand pleads no facts that give context, definition or limitation to this "anticompetition defense." Allowed to stand, it would serve as a platform for broad discovery.

Additionally, Vintage Brand raises two bare-bones functionality defenses. As to the fifth affirmative defense, even if "defensive aesthetic functionality" is a cognizable defense in the Seventh Circuit, Vintage Brand pleads no facts from which one could plausibly conclude that that the inability to use the University's Marks would put Vintage Brand at a significant, ***non-***

1

***reputation-related*** disadvantage. As to the sixth affirmative defense, there is no plausible basis for a claim that the University's Marks are functional under the traditional test. To wit, placing the'527 Mark (FIGHTING ILLINI) on a sweater does not make it warmer or more comfortable.

Further, Vintage Brand raises two public-domain defenses that are deficient as redundant as well as legally implausible. The alleged fact that Vintage Brand lifted the University's trademarks from works no longer protected by copyright does not give rise to a defense.

Lastly, Vintage Brand raises a number of other facially deficient affirmative defenses, including (i) bare bones statements of legal theories; (ii) duplicative defenses; and (iii) purported affirmative defenses that are not defenses at all. As such, the University requests, pursuant to Rule 12(f), that this Court strike Affirmative Defense Nos. 1–7, 10–11, 13-14, 16- 18, and 20.

## II.   LEGAL FRAMEWORK

An affirmative defense is a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's…claim, even if all the allegations in the complaint are true." *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (quoting BLACK'S LAW DICTIONARY (10th ed. 2014)). In other words, an affirmative defense "limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case." *Tober v. Graco Children's Prods*., Inc., 431 F.3d 572, 579 n. 9 (7th Cir. 2005). In contrast, a defense which is merely "an attack on [p]laintiff's *prima facie* claim" is a negative defense, not an affirmative defense. *Pietrzycki v. Heights Tower Serv., Inc*., No. 14-C-6546, 2015 WL 688510, at *2 (N.D. Ill. Feb. 17, 2015) (internal citation omitted).

Federal Rule of Civil Procedure 12(f) instructs that the Court should "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." Motions to strike are generally disfavored, so affirmative defenses "will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294

(7th Cir. 1989). But a motion that seeks to remove "unnecessary clutter" may granted. *See Uncommon LLC v. Spigen Inc.*, 15-C-10897, 2016 WL 3997597, *2 (N.D. Ill. July 26, 2016) (Blakey, J.) (citing *Heller*, 883 F.2d at 1294).

To survive a motion to strike, an affirmative defense must satisfy a three-part test: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge. *Sarkis' Café, Inc. v. Sarks in the Park, LLC,* 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014). With respect to the second factor, the majority of district courts in the Seventh Circuit, including this Court, apply the *Twombly-Iqbal* "plausibility" pleading standard to affirmative defenses. *See Janssen v. BRI Holding, LLC,* 16-cv-10098, 2017 WL 2080424, at *4 (N.D. Ill. May 15, 2017) (Blakey, J.). But "[a]t the very least, affirmative defenses must pass the pre-*Twombly* standard, where 'bare bones conclusory allegations,' bereft of factual context, are not sufficient to pass a motion to dismiss." *Uncommon LLC*, 2016 WL 3997597, at *2 (quoting *Heller*, 883 F.2d at 1295). This is true in part because affirmative defenses "serve as a platform for discovery, which could be very costly." *See Janssen*, 2017 WL 2080424, at *4. It is important "that plaintiffs are given fair notice of the basis for each defense to allow them to litigate the defenses as they would any other issue." *Id.*

## III. ARGUMENT

### A. Vintage Brand's Anticompetition Defense Should Be Stricken (Seventh Affirmative Defense).

Vintage Brand's Seventh Affirmative Defense reads, in its entirety, that "[t]he University's claims are barred and/or limited as an anticompetitive, illegal restraint of trade."

1.   **The *Noerr-Pennington* precludes Vintage Brand from asserting an affirmative defense based on the alleged anticompetitive effect of bringing the present action.**

Read narrowly, Vintage Brand's anticompetition defense advances that the present suit is itself "an anticompetitive, illegal restraint of trade." (Def.'s Answer and Affirm. Defs. p. 42, Dkt. 46.) But this theory is not viable under the *Noerr-Pennington* doctrine, which provides that private entities are immune from antitrust liability for petitioning the government to enforce the law. *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965). The "right of petition" protected by *Noerr-Pennington* includes the right of access to the courts. *Cal. Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972).

For those reasons, when a private entity enforces its trademark rights through litigation, "their efforts in policing their mark's usage is a First Amendment protected activity, immune from antitrust activity." *Thermos Co. v. Igloo Prod. Corp.*, No. 93 C 5826, 1995 WL 842002, at *4 (N.D. Ill. Sept. 27, 1995) (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 (1993)). In the trademark context, the antitrust immunity can only be lost where the underlying claim is a "sham," meaning that the lawsuit (i) is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" *and* (ii) conceal[s] an attempt to interfere with the business relationships of a competitor," using the lawsuit itself – as opposed to the outcome of the lawsuit – as "an anti-competitive weapon." *Id.* (quoting *Prof'l Real Estate Investors*, 508 U.S. at 60–61. A complaint that contains facts that, if true, allege a clear violation of a valid trademark, "it is clearly not a sham complaint." *Id.*

As with affirmative antitrust claims, *Noerr-Pennington* bars any affirmative defense based on allegations that the act of bringing a lawsuit for the trademark infringement is itself an anticompetitive act, absent a plausible claim that the litigation is objectively baseless, i.e. a "sham."

*See* J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition*,§ 31:105 (5th Ed. 2022) (stating that "a dismissal for failure to allege a claim will result if the antitrust complaint, counterclaim, or ***affirmative defense*** fails to allege a plausible claim that a trademark infringement suit is a 'sham'); *see also AHP Subsidiary Holding Corp, Inc. v. Stuart Hale Co.*, 89-c-8566, 1993 WL 498331 (N.D. Ill. Dec. 1, 1993) (striking affirmative defense under *Noerr-Pennington* doctrine because trademark litigation not a sham); *see also Maui Jim, Inc. v. SmartBuy Guru Enters.*, 386 F. Supp. 926, 955–56 (N.D. Ill. 2019) (noting that defendant "implicitly admit[ed]" that *Noerr-Pennington* would bar defense if based on filing of the trademark infringement lawsuit).

Vintage Brand's anticompetition affirmative defense contains no allegation that the present litigation is a "sham litigation." Nor can it. The Second Amended Complaint identifies specific trademarks, demonstrates use of these marks by the University and its licensees, and demonstrates Vintage Brand's use of designs identical or substantially indistinguishable to the asserted marks. (*See* Second Am. Compl. ¶¶ 16, 18–21, 34–35, 39, 47–51, Ex. A–F, Dkt. 35.) The Second Amended Complaint is "clearly not a sham complaint." *Thermos Co.*, 1995 WL 842002, at *4.

## 2. Vintage Brand fails to allege a plausible basis for an "anticompetition defense."

Given that *Noerr-Pennington* precludes an anticompetition defense based on the filing of the present lawsuit, Vintage Brand may argue in response that its defense should be construed more broadly – such as encompassing acts other than the filing of the lawsuit and, as such, should withstand the University's Rule 12(f) motion. Not so.

First, on its face, the anticompetition defense states that the "claims are barred/limited *as an anticompetitive, illegal restraint of trade.*" (Def.'s Answer and Affirm. Defs. p. 42, Dkt. 46.) Under the plain meaning of the pleading, it is the University's claims themselves that are alleged to be anticompetitive, not any other activity. As discussed above, this theory is precluded.

Second, that this defense could potentially be argued to be based on actions other than the filing of this case highlights why this Court should strike it. Vintage Brand pleads no facts that would give context, definition or limitation to this "anticompetition defense." Let alone plausibility under *Twombly/Iqbal*, the affirmative defense gives the University no notice, whatsoever, as to the basis for the defense. *See Janssen*, 2017 WL 2080424, at *4 (highlighting the importance "that plaintiffs are given fair notice of the basis for each defense to allow them to litigate the defenses as they would any other issue"). Such a nebulous, ill-defined defense could serve as a platform for discovery, potentially providing a Rule 26 basis for any number of issues that could potentially relate to an "anticompetition" defense. *See id.* This is particularly the case in the context of antitrust and competition related defenses, which are notoriously expensive.

### B. Vintage Brand's Aesthetic Functionality Defense Should Be Stricken (Fifth Affirmative Defenses)

Vintage Brand's Fifth Affirmative Defense, in its entirety, provides that "[t]he University's claims are barred and/or limited where The University precluding Defendant's application of the text and designs described in the Complaint to merchandise would put Defendant at a significant non-reputation-related disadvantage." (Def.'s Answer and Affirm. Defs. p. 42, Dkt. 46.) Although it does not use the term, this affirmative defense quotes the Ninth Circuit's test for defensive aesthetic functionality. *See Adidas Am., Inc. v. TRB Acquisitions LLC*, 3:15-cv-21, 2018 WL 10335661, at *4–5 (D. Ore. Dec. 13, 2018) (setting forth defensive aesthetic functionality test). This criticized doctrine allows "an alleged infringer [to] argue that *its use* of the alleged infringing mark is functional within *its products* and therefore not infringing." *Id.* at *4; *see also* J. Thomas McCarthy, 6 McCarthy on Trademarks and Unfair Competition, § 7:82 (5th Ed. 2022) (stating defensive aesthetic functionality is the "wrong approach").

First, the University is unaware of any cases in the Seventh Circuit which apply defensive

aesthetic functionality (*i.e.*, looking at the functional nature of the *accused infringer's use*, as opposed asserted mark). *See e.g.*, *Alpha Tau Omega Fraternity, Inc. v. Pure Country, Inc.*, No. IP 01-1054-C, 2004 WL 3391781, at * (S.D. Ind. Oct. 26, 2004) (stating the court's belief that the "the Seventh Circuit would not likely accept" this notion.) Indeed, the cases within this Circuit that consider aesthetic functionality do so in the context of considering the validity of trade dress, (namely in product design or product packaging), not as a defense to infringement of a valid mark. *See e.g.*, *Flexible Steel Lacing Co. v. Conveyer Accessories, Inc.*, 955 F.3d 632, 644–45 (7th Cir. 2020) (discussing "esthetic functionality" in context of product feature trade dress). Other courts outside of the Ninth Circuit have limited the doctrine of aesthetic functionality to trade dress cases. *See e.g.*, *Ohio State Univ. v. Skreened Ltd.*, 16 F. Supp. 3d 905, 919–20 (S.D. Ohio 2014) (stating that aesthetic functionality "is potentially relevant only in the context of trade dress infringement, which is simply not the context here.")

Second, even if defensive aesthetic functionality is theoretically cognizable in this Circuit, Vintage Brand has failed to plead a plausible basis from which a fact-finder could conclude that the inability to use the University's marks puts Vintage Brand at a "significant ***non-reputation-related*** disadvantage." For example, on similar facts, the Fifth Circuit held that selling game day apparel seeks to "take advantage of the University's reputation" and is not a legitimate advantage to which an alleged infringer is entitled:

> The Court in *Qualitex* stressed that the focus of functionality is "legitimate (non-trademark-related) competition." But here any demand for Smack's t-shirts is inextricably tied to the Universities' trademarks themselves… ***Smack's alleged competitive disadvantage in the ability to sell game day apparel relates solely to an inability to take advantage of the Universities' reputation and the public's desired association with the Universities that its shirts create.*** This is not an advantage to which it is entitled under the rubric of legitimate competition.

*Bd. of Supervisors for La. State Univ. Agric. and Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 488 (5th Cir. 2008).

### C.   Vintage Brand's Utilitarian Functionality Defense Should Be Stricken (Sixth Affirmative Defenses)

Vintage Brand's Sixth Affirmative Defense, in its entirely, provides that "[t]he University's claims are barred and/or limited where the text and designs described in the Complaint are essential to the use or purpose of Defendant's merchandise and/or affect the cost or quality of Defendant's merchandise." (*Id.*) This affirmative defense states the test for utilitarian functionality, also known as the "*Inwood* formulation," which is typically applied in the context of trade dress validity. *Flexible Steel*, 955 F.3d at 644–45 (discussing functionality in context of considering trade dress validity and setting forth relevant factors).

Vintage Brand pleads no facts from which a fact-finder could find the University Marks to be functional under any of the factors traditionally considered by the Seventh Circuit, nor can any such facts be inferred. Other courts, in disposing of nearly-identical claims of infringement through unauthorized sale of college-branded apparel and merchandise, have rejected the utilitarian functionality argument as utterly untenable:

> Indeed, it is unclear how one could argue that the mere adding of the Texas Tech color scheme could be "the reason the [product] works." Texas Tech's marks appear on licensed goods such as pens, book ends, knit caps, coffee mugs, and flip-flops. The mere fact that any of these items bear a Texas Tech mark does not affect how the product works. ***The fact that a knit cap is scarlet and black or bears a "Double T" does not affect the quality of the cap or its ability to keep one's head warm.***

*Texas Tech Univ. v. Spiegelberg*, 461 F. Supp. 2d 510, 520 (N.D. Tex. 2006) (emphasis added); *see also Smack Apparel Co.*, 550 F.3d at 486 ("The school colors and other indicia used here do not make the t-shirts 'work.' The t-shirts would function just as well as articles of clothing without the colors and designs.")

### D.   Vintage Brand's Two "Public Domain" Defenses Should be Stricken (Seventeenth and Eighteenth Defenses)

The Seventeenth Affirmative Defense provides that "[t]he University's claims are barred

and/or limited because the historic images reproduced by Defendant and applied to merchandise are works in the public domain." (Def.'s Answer and Affirm. Defs. p. 43, Dkt. 46.) The Eighteenth Affirmative Defense provides that "[t]he University's claims are barred and/or limited because the First Amendment to the United States Constitution protects Defendant's reprinting of works of art in the public domain." (Def.'s Answer and Affirm. Defs. p. 44, Dkt. 46.)

The Court should strike both of these defenses for two reasons. First, these defenses appear to be redundant. They rely on the same alleged fact – that the images on Vintage Brand's apparel and merchandise are reproduced from works of art no longer protected by the Copyright Act. Each affirmative defense suggests a bright line rule, giving Vintage Brand *per se* immunity for trademark infringement if the complained-of use is reproducing public-domain images. The pleading does not provide sufficient notice to ascertain how, if at all, these defenses differ.

Second, both affirmative defenses fail as a matter of law. Merchandise reproduced from public domain works is not *ipso facto* immune from trademark infringement claims. *See, e.g., Warner Bros. Entm't, Inc. v. X One X Prods.*, 840 F.3d 971, 980 (8th Cir. 2016) (distinguishing copyright and trademark infringement claims; stating defendants' products "employ iconic [out-of-copyright] film characters' pictures to associate the products with Warner's films, not to copy the film itself"). Vintage Brand's Answer concedes use of "text or design elements to which the University claims trademark rights." (*See* Answer ¶¶ 34–36, 39, 47–51.) Even assuming, for example, the '024 mark or '353 mark (or substantially indistinguishable design) reproduced on Vintage Brand's goods (*see id.* ¶¶ 49 and 51) were in fact lifted from public-domain works, this is not an affirmative defense to the University's trademark infringement and counterfeiting claims, which allege harm based on mistaken public belief that Vintage Brand's merchandise is University-endorsed. (Second Am. Compl. ¶¶ 66–68, 76.)

### E. Vintage Brand's Statute of Limitations Affirmative Defense Should Be Stricken (Second Affirmative Defense)

Vintage Brand's Second Affirmative Defense states that "The University's claims are barred and/or limited pursuant to the applicable statute of limitations." (Def.'s Answer and Affirm. Defs. p. 41, Dkt. 46.) But the Lanham Act does not set forth a statute of limitations. *See, e.g.*, *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F. 3d 813, 821 (7th Cir. 1999) ("Because the Lanham Act does not contain a statute of limitations, federal courts have referred to analogous state statutes of limitations to determine whether a presumption of laches should apply.") And with respect to the University's state law causes of action (which do have statutes of limitation), Vintage Brand must plead *facts* sufficient to state a claim for statute of limitations. *See Crabtree v. Experian Info. Sols., Inc.*, 2017 WL 11473864, at *1 (N.D. Ill. Aug. 18, 2017) (instructing that pleading must "sufficiently apprise[]" plaintiff of how "defendant believes his claims are barred by the limitations period…."), *report and recommendation adopted*, 2017 WL 11473925 (N.D. Ill. Sept. 6, 2017).

### F. Vintage Brand's "Laches, Acquiescence, or Any Other Time-Based Defense" Affirmative Defense Should Be Stricken (Third Affirmative Defense)

Vintage Brand's Third Affirmative Defense raises at least three potential theories: laches, acquiescence, or "any other time-based defense." The defense, in its entirety, reads:

> The University may have known, or should have known, of the matters alleged in the Complaint for an unreasonably long period of time prior to commencement of this litigation and did not give notice to Defendant. Further, Defendant has taken all the actions admitted in its answer to the Complaint and all actions have been open, transparent, and available 24/7 for public view and comment. Thus, the University's claims are barred and/or limited by the doctrine of laches, acquiescence or any other time-based defense.

(Def.'s Answer and Affirm. Defs. p. 41, Dkt. 41.)

#### 1. Vintage Brand fails to plead an affirmative act or deed required for estoppel by acquiescence.

Acquiescence "permits the court to deny relief in an action for trademark infringement if the evidence shows that the owner of the mark has, through his words or conduct, conveyed his

consent to the defendant's use of the mark." *See Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 940 (7th Cir. 2016). Acquiescence is distinct from laches:

> Importantly, however, "[w]hereas laches is a negligent, unintentional failure ot protect trademark rights, [a]cquiescence is associated with *intentional* abandonment. It requires an "*affirmative* word or deed" that conveys the trademark owner's implied consent to the junior user's use of his mark.

*Id.* at 940 (internal citations omitted).

Vintage Brand, however, failed to plead any affirmative act or deed which would plausibly satisfy the requirement that the University gave actual or implied consent to Vintage Brand's use of University trademarks. Instead, Vintage Brand pleads that "the University… did not give notice to Defendant," suggesting that there were no affirmative acts or deeds from which a fact-finder could conclude that the University acquiesced to Vintage Brand's conduct. (Def.'s Answer and Affirm. Defs. p. 41, Dkt. 41.) It has therefore pled itself out of court on any acquiescence defense.

## 2. Vintage Brand fails to plead facts sufficient to plausibly state a defense for estoppel by laches.

Even when framed as a laches defense, Affirmative Defense No. 3 is merely a "'bare bones conclusory allegation[],' bereft of factual context [and is] not sufficient to pass a motion to dismiss" even under pre-*Twombly/Iqbal* pleading standards. *Uncommon LLC*, 2016 WL 3997597, at *2. Vintage Brand states only that (i) that the admitted acts have been "open, transparent, and available 24/7 for public view and comment"; and (ii) the University may have known, or should have known, of matters alleged in the Complaint for an unreasonably long period of time prior to commence of this litigation. (Def.'s Answer and Affirm. Defs. p. 41, Dkt. 41.) With respect to Vintage Brand's open and transparent infringement, this assertion is true of virtually every case of infringement and counterfeiting via electronic commerce and is meaningless without more. That the University "may have known or should have known" of Vintage Brand's counterfeiting "for an unreasonably long period of time" are not factual allegations, but mere legal conclusions.

And when analyzing this affirmative defense in respect to the requirement that Vintage Brand must plead *facts*, it clearly fails. For how long was Vintage Brand selling apparel or other merchandise bearing University of Illinois' trademarks prior to the filing of this case? What facts suggest that the University should have known about Vintage Brand's infringement? Without that information, it is impossible to assess whether Vintage Brand has a colorable argument for laches.

Further, Vintage Brand fails to plead that any delay prejudiced Vintage Brand. As a leading treatise summarizes, "[t]he cases are legion to the effect that mere delay, without resulting injury to the defendant, is not sufficient to prevent relief for infringement." J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition*, § 31:12 (5th Ed. 2022); *see also AM Gen. Corp. v. DaimlerChrysler Corp.,* 311 F.3d 796, 822 (7th Cir. 2002) ("The application of laches in a particular case is dependent on a showing of an unreasonable lack of diligence by the party against whom the defense is asserted and prejudice arising from this lack of diligence.") (*quoting Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 822 (7th Cir. 1999)). Absent facts from which a fact finder could find prejudice, the laches defense has not been sufficiently pled.

> **3.      Vintage Brand's "any other time-based defense" should be stricken.**

The Third Affirmative Defense's reference to "any other time-based defense" should be stricken. This assertion provides no notice of the legal theory asserted and is nothing more than "unnecessary clutter." *See Uncommon LLC*, 2016 WL 3997597, at *2.

> **G.      Vintage Brand's Estoppel Defense Should be Stricken (Fourth Affirmative Defense)**

Vintage Brand's Fourth Affirmative Defense, in its entirety, states as follows:

> The University provided a statement to the media in which it expressly disclaimed text and designs it alleges are trademarks on merchandise. Therefore, the University is estopped from attempting to prevent Defendant's alleged conduct.

(Def.'s Answer and Affirm. Defs. p. 41, Dkt. 41.) To properly assert an estoppel defense, "three

elements must be pleaded: (1) a party acts; (2) another party reasonably relies on those acts; and (3) the latter party thereby changes its position for the worst." *See Uncommon LLC*, 2016 WL 3997597, at *6 (internal citation omitted). Here, even assuming the "acts" in question are those enumerated in Count I of Vintage Brand's Counterclaims, Vintage Brand fails to plead reasonable reliance or a detrimental change in position; nor are any relevant facts discernible from the Answer generally. (*See* Def.'s Answer and Affirm. Defs. p. 41, Dkt. 41.)

### H. Vintage Brand's No Causation of Damages Defense Should Be Stricken (Tenth Affirmative Defense).

Vintage Brand's Tenth Affirmative Defense, in its entirety, provides as follows:

> The University's claims are barred and/or limited to the extent that any alleged damages were caused by other events, conditions, instrumentalities, and/or omissions of an individual or entity over whom or which Defendant exercised no control.

(Def.'s Answer and Affirm. Defs. p. 42, Dkt. 46.) This is a boilerplate defense that is implausible absent further factual support. Vintage Brand admits to selling merchandise with "text or design elements to which the University claims trademark rights." (Def.'s Answer and Affirm. Defs. ¶¶ 34–35, 39, 47–51, Dkt. 46.) It is hard to imagine that resulting damages were caused by a force majeure event or some unnamed entity or individual; however, if the latter is the case, Vintage Brand's affirmative defenses must provide sufficient notice. *See Janssen*, 2017 WL 2080424, *4 (emphasizing the importance "that plaintiffs are given fair notice of the basis for each defense to allow them to litigate the defenses as they would any other issue.")

### I. One of Vintage Brand's Two Unclean Hands Defenses Should Be Stricken (Eleventh and Nineteenth Affirmative Defense)

Vintage Brand raises two "unclean hands" defenses, both of which are based on the alleged fraudulent or other unlawful or inequitable conduct. (Def.'s Answer and Affirm. Defs., pp. 43–44, Dkt. 46.) These defenses are redundant and the Eleventh defense (the less developed of the two)

should be stricken. *See* FED. R. CIV. P. 12(f) (authorizing striking redundant defenses).

### J.     Vintage Brand's Due Care and Compliance Affirmative Defense Should Be Stricken (Thirteenth Affirmative Defense)

Vintage Brand's Thirteenth Affirmative Defense, in its entirety, provides:

> At all material times, Defendant acted with due care and complied with applicable statutory and common law requirements and court rulings. Accordingly, some or all of the University's claims are or may be barred by Defendant's compliance with all applicable laws.

(Def.'s Answer and Affirm. Defs. p. 43, Dkt. 46.) This defense is, at best, thoughtless boilerplate verbiage. What statutes, common law requirements and court rulings did Vintage Brand comply with which would provide an affirmative defense to trademark infringement? If such authorities exist, they should have been identified so this Court and the University can assess their plausibility.

### K.     Vintage Brand's Failure to Mitigate Damages Affirmative Defense Should Be Stricken (Fourteenth Affirmative Defense)

Vintage Brand's Fourteenth Affirmative Defense, in its entirety, provides that "[t]he University's claims are barred and/or limited due to failure to mitigate damages." (Def.'s Answer and Affirm. Defs. p. 43, Dkt. 46.) In asserting a mitigation defense, the defendant cannot rest on bare-bones pleadings but plead sufficient facts to place the plaintiff on notice of the basis of the defense. *See Franklin Capital Corp. v. Baker & Taylor Entm't, Inc.*, No. 99 C 8237, 2000 WL 1222043, at *5 (N.D. Ill. Aug. 22, 2000) (dismissing one-sentence failure to mitigate defense because it lacked factual support); *see also Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 493453, at *2 (N.D. Ill. Aug. 16, 1995) (concluding that party pleading mitigation must supply enough facts to put opposite party on notice of the course of action the opposite party was legally required to take). In the absence of such facts, the mitigation defense should be stricken.

### L.     Vintage Brand's Sufficiency-of-Complaint Affirmative Defenses Should Be Stricken (First and Sixteenth Affirmative Defenses)

The First Affirmative Defense, in its entirety, provides "[t]he Complaint fails, whether in

whole or in part, to state a claim against Defendant upon which relief can be granted." (Def.'s Answer and Affirm. Defs. p. 41, Dkt. 46.) The Sixteenth Affirmative Defense, in its entirety, provides "[t]he University's claims are barred and/or limited because the allegations contained the Complaint are vague, ambiguous, and uncertain." (*Id.*)

First, these are negative defenses that are merely "an attack on [p]laintiff's prima facie claim"—not affirmative defenses. *Pietrzycki*, 2015 WL 688510, at *2 (internal citation omitted). This type of "unnecessary clutter" should be excised. *See Uncommon LLC*, 2016 WL 3997597, at *2. Second, if Vintage Brand believed the Second Amended Complaint failed to state a claim or was "vague ambiguous, and uncertain," Vintage Brand should have filed a motion to dismiss or a motion for a more definite statement. *See Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 786 (N.D. Ill. 2018) ("'failure to state a claim' is not technically an affirmative defense, and the proper vehicle to establish a failure to state a claim defense is to raise a Rule 12(b)(6) motion.")

### M. Vintage Brand's Reservation of Rights Affirmative Defense Should Be Stricken (Twentieth Affirmative Defense)

Finally, Vintage Brand's Twentieth Affirmative Defense, in its entirety, states "Defendant may have additional defenses that cannot now be determined due to lack of information about the University's claims. Defendant therefore reserves the right to supplement these defenses upon further development of relevant information." (Def.'s Answer and Affirm. Defs. p. 44, Dkt. 46.) This is an inappropriate "catchall" defense and unnecessary clutter, and should therefore be stricken. *See Uncommon LLC*, 2016 WL 3997597, at *6 ("using affirmative defenses as a reservation of rights is improper and unnecessary").

### IV. CONCLUSION

For the foregoing reasons, the University respectfully requests this Court to strike the Vintage Brand's Affirmative Defense Nos. 1–7, 10–11, 13-14, 16- 18, and 20.

Dated: May 6, 2022

Respectfully submitted,

THE BOARD OF TRUSTEES FOR THE
UNIVERSITY OF ILLINOIS

By: */s/ Jeffrey J. Catalano*
   One of Its Attorneys

Jeffrey J. Catalano
Andrew L. Goldstein
D. Richard Self
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312.360.6000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of May, 2022, that the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification to all ECF registrants that are counsel of record for this matter.

By: *<u>/s/ Jeffrey J. Catalano</u>*