IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br><br>            Plaintiff,<br><br>   v.<br><br>VINTAGE BRAND, LLC,<br><br>            Defendant. | Case No. 21-cv-06546<br><br>Hon. John Robert Blakey |

**JOINT UPDATED INITIAL STATUS REPORT**

Plaintiff The Board of Trustees of the University of Illinois ("Plaintiff," "Illinois," "the University," or "the University of Illinois"), by and through its attorneys, and Defendants Vintage Brand, LLC ("Vintage) and Sportswear Inc. d/b/a Prep Sportswear ("Sportswear") (Vintage and Sportswear are hereinafter referred to collectively as "Defendants"), by and through their attorneys, pursuant to this Court's standing order and minute entry of March 4, 2022 (Dkt. No. 32), hereby present their updated joint status report as follows:

1. **Type of Initial Status Report (i.e., Joint or Individual).**

    This is a joint status report.

2. **Service of Process.**

    Vintage has been served and filed its answer on April 15, 2022 (Dkt. No. 46).

    On October 21, 2022, the University, having obtained written consent of Vintage, filed its Third Amended Complaint, which added Sportswear as a defendant. Sportswear has been served with the Third Amended Complaint and Defendants' responsive pleadings are due by stipulation of the parties on November 15, 2022.

1

3.  **The Nature of the Case.**

    a.  **Plaintiff's counsel:**

    Jeffrey J. Catalano
    Andrew Goldstein
    FREEBORN & PETERS, LLP
    311 South Wacker Drive
    Suite 300
    Chicago, IL 60606
    Tel: (312) 360-6000
    Email: jcatalano@freeborn.com
    agoldstein@freeborn.com

    Jason P. Stearns
    Sarah A. Gottlieb
    **FREEBORN & PETERS LLP**
    201 North Franklin Street, Suite 3550
    Tampa, FL 33602
    Phone: 813-488-2920
    Fax: 813-488-2960
    E-mail: jstearns@freeborn.com
    sgottlieb@freeborn.com
    ckitchell@freeborn.com
    mbennett@freeborn.com

    **Defendants' counsel:**

    Richard D. Boonstra
    HOOGENDOORN & TALBOT LLP
    122 South Michigan Avenue
    Suite 1220
    Chicago, Illinois 60603
    Tel: (312) 786-2250
    Email: rboonstra@htlaw.com

    Theresa H. Wang (*pro hac vice*)
    Joshua D. Harms (*pro hac vice*)
    STOKES LAWRENCE, P.S.
    1420 Fifth Avenue
    Suite 3000
    Seattle, Washington 98101
    Tel: (206) 626-6000
    Email: theresa.wang@stokeslaw.com
    joshua.harms@stokeslaw.com

### b. Basis for Federal Jurisdiction.

This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, 15 U.S.C. §1121, and Fed. R. Civ. P. 13. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13 because those claims are so related to the University's claims that they form part of the same case or controversy and derive from a common nucleus of facts.

### c. Nature of the Claims.

The University of Illinois has brought claims against Defendants alleging past and on-going infringement of the University's federally registered trademarks, trademark counterfeiting, and false designation of origin, all in violation of the Lanham Act. The University has also brought claims for violations of Illinois' Uniform Deceptive Trade Practices Act ("UDTPA"), and common-law unfair competition under Illinois law. The University has brought an additional claim against Sportswear for contributory infringement in violation of the Lanham Act. The University's claims are based on Defendants' manufacture, sale, offers for sale, and distribution of clothing and memorabilia displaying the University's trademarks, and Defendants' acts to associate its goods with the University of Illinois. The University alleges that Defendants not only use the University of Illinois' trademarks and trade dress on their products, but that Defendants do so in direct competition with the University and its licensees' products, and that Defendants' products are not licensed or otherwise authorized by the University.

Defendants deny all claims asserted in this action, and disagree with the University's characterization of Defendants' business models. Defendants dispute that the University owns trademark or trade dress rights in the alleged marks asserted, and notes the University has failed to define the alleged marks at issue with the requisite particularity. Defendants assert defenses that: (1) the University's claims are precluded by the doctrines of utilitarian and aesthetic functionality;

(2) the University's claims are precluded by the equitable doctrine of unclean hands; (3) the University's claims are precluded where both the University's and Defendants' application of the alleged marks to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark; (4) the University's claims are precluded to the extent they extend to Defendants' display and printing of descriptive terms used in good faith to describe the goods of Defendants; (5) the University's claims are precluded to the extent they rely on alleged marks that have been abandoned; and (6) the University's claims are precluded by the First Amendment.

Vintage has filed (and Sportswear will file) counterclaims against the University for at least the following: (1) fraudulent procurement and/or renewal of registrations; (2) abandonment of alleged marks; and (3) the University failing to use its alleged marks as trademarks and instead using them in a merely ornamental manner.

### d. Legal and Factual Issues Anticipated.

The parties do not necessarily agree on what the major legal and factual issue in the case will be. However, the parties anticipate the major issues in the case may include, but not be limited to, the following:

1. Whether the University holds valid, existing, and enforceable trademarks covering the trademarks at issue in this litigation.

2. What "trademarks" are actually at issue in this litigation, and whether those purported marks are valid or otherwise subject to cancellation.

3. Whether Defendants use in interstate commerce marks that are identical with, substantially indistinguishable from, and/or substantially similar to the University's trademarks and trade dress at issue.

4

4. Whether Defendants' conduct was licensed or otherwise authorized by the University.

5. Whether Defendants required any license or other authorization from the University.

6. Whether Defendants' acts have caused, or are likely to cause, confusion, mistake, or deception regarding the source or origin of Defendants' products.

7. Whether Defendants' conduct was knowing, willful, and/or intentional.

8. Whether Defendants' conduct has caused, or will continue to cause, irreparable harm to the University.

9. Whether Defendants' conduct has caused damage to the University and, if so, the measure of any actual damage suffered by the University.

10. Whether Defendants' conduct creates a false association between the products at issue in this litigation and the University trademarks.

11. Whether Defendants' conduct leads consumers to believe that the products at issue in this litigation are sponsored by, associated with, authorized by, or otherwise affiliated with the University.

12. Whether the University fraudulently procured registrations or renewals for its alleged marks.

13. Whether the doctrine of unclean hands arising from the University's fraudulent procurement precludes its assertion of rights.

14. Whether the University has abandoned any of the purported marks or trade dress at issue.

15. Whether the University's use of any purported marks is ornamental only, and not use as a "trademark."

16. Whether the United States Supreme Court's ruling in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), precludes the University's claims regarding its "trademark rights."

17. Whether the doctrines of utilitarian and aesthetic functionality preclude the University's claims.

18. Whether the First Amendment protects Defendants' merchandise because it consists of expressive works.

19. Whether the University's application of its alleged marks to merchandise is merely ornamental and does not engender the commercial impression of a source-identifying trademark.

e. **Damages and Relief.**

The University of Illinois alleges that as a result of Defendants' conduct, the University is entitled to declaratory, injunctive, and monetary relief. The University seek damages and relief including, at least, the following: (a) declaratory judgments in the University's favor finding that that Defendants have (i) infringed the University's trademark rights, (ii) counterfeited the University's marks, and (iii) created a false association with the University; (b) preliminary and permanent injunctions enjoining and restraining Defendants from (i) further infringing the University's mark, (ii) using confusingly similar designs, and/or (iii) making statements in promotional materials or advertisement indicating association or affiliation with the University; (c) judgment requiring Defendants to deliver to the University all infringing products; (d) judgment awarding damages in amounts to be determined at trial including actual damages and/or disgorgement of Defendants' ill-gotten gains; (e) judgment awarding the University all available statutory damages; and (f) judgment awarding the University its attorneys' fees and costs along with pre- and post-judgment interest.

Defendants deny that the University is entitled to any relief sought. Defendants seeks the following relief from the Court: (1) dismissal of all claims in the Complaint with prejudice; (2) exercise of authority under the Lanham Act, 15 U.S.C. § 1119, to order the Commissioner of the United States Patent and Trademark Office to cancel the federal trademark registrations pleaded by the University; (3) award Defendants their costs and fees incurred in this lawsuit pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and/or 765 ILCS 1036/45.

**4.** **Pending Motions and Case Plan.**

**Pending Motions.**

**The University filed its Motion to Strike Certain Affirmative Defenses** (Dkt. No. 47) on May 6, 2022. The motion was fully briefed and pending at the time the University filed its Third Amended Complaint. The parties anticipate that Vintage's Affirmative Defenses, due November 15, 2022, will moot the pending motion.

    a.    **Proposal for Discovery and a Case Management Plan.**

    **(1) General type of discovery needed.**

Discovery is ongoing and the Parties do not anticipate any departure from the discovery plan set forth in the Initial Status Report (Dkt. 19) other than with respect to the timing of the close of discovery, as discussed below

    **(2) A date for Rule 26(a)(1) disclosures.**

The University and Vintage Brand exchanged initial disclosure on April 1, 2022. The parties agree that Sportswear will provide its initial disclosures by December 1, 2022.

    **(3) A date to issue written discovery.**

The University and Vintage Brand have exchanged written discovery requests. Discovery is ongoing.

**(4) Confidentiality order.**

The Court entered an Agreed Confidentiality Order regarding the handling of confidential and potentially highly confidential information on June 13, 2022 (Dkt. No. 54).

**(5) Health Insurance Portability and Accountability Act (HIPAA) waivers.**

None.

**(6) Fact discovery completion date.**

Discovery is currently scheduled to close on November 30, 2022. However, in light of the October 21, 2022 filing of the Third Amended Complaint, which added Sportswear as a defendant, the Parties submit that an extension of the discovery period will be necessary.

Given the addition of Sportswear as a party as well as expected witness and counsel unavailability during the holiday season, the parties request a two-month enlargement of the discovery period until January 31, 2023

**(7) Expert discovery completion date (include proposed deadlines for expert disclosures and depositions).**

The parties confirm that expert discovery will be required and submit the following expert discovery schedule that will proceed after the close of fact discovery:

- <u>Deadline for expert reports on issues where a party bears the burden of proof</u>:

    45 days after close of fact discovery

- <u>Deadline for responsive expert reports and for responding parties to depose initially disclosed experts</u>:

    45 days after the deadline for initial expert reports

- <u>Deadline for expert reply reports and for parties to depose responsive experts</u>:

    30 days after the deadline for responsive expert reports.

**(8) Filing of dispositive motions.**

The parties confirm that one or more parties intend to file dispositive motions, which shall be due 45 days after the deadline for reply expert reports.

### (9) Tentative trial date.

The parties agree that, particularly in light of their disputes regarding other timing of discovery discussed above, it is difficult to provide a reasonably certain date for trial of this matter at this stage of litigation. In light of that uncertainty, the parties state that they can be trial ready 45 days after the Court issues any ruling on dispositive motions filed by either party. Should there be no dispositive motions filed, the parties can be trial ready 45 days after the close of expert discovery.

### c. Request for Jury trial and probable length of trial.

The University has demanded a trial by jury. Although it is difficult to estimate the length of a trial at this early stage, the parties believe the case could be tried in approximately between one and two weeks.

## 5. Consent to Proceed Before a Magistrate Judge.

The parties have discussed the potential advantages of a Magistrate Judge referral and have not unanimously consented to proceed before a Magistrate Judge.

## 6. Status of Settlement Discussions.

### a. Status of settlement discussions.

The parties have not had any substantive settlement discussions.

### b. Whether the parties request a settlement conference.

The parties do not believe that a settlement conference would be fruitful at this stage in the litigation.

Dated: November 1, 2022　　　　　　　　Respectfully submitted,

By: */s/ Jeffrey Catalano*
Jeffrey J. Catalano
Andrew L. Goldstein
**FREEBORN & PETERS LLP**
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312.360.6000
Email: jcatalano@freeborn.com
　　　　agoldstein@freeborn.com

Jason P. Stearns
Sarah A. Gottlieb
**FREEBORN & PETERS LLP**
201 North Franklin Street, Suite 3550
Tampa, FL 33602
Phone: 813-488-2920
Fax: 813-488-2960
E-mail: jstearns@freeborn.com
　　　　sgottlieb@freeborn.com
　　　　ckitchell@freeborn.com
　　　　mbennett@freeborn.com


By: */s/ Theresa H. Wang*

Richard D. Boostra
Hoogendoorn & Talbot LLP
112 South Michigan Avenue
Suite 1220
Chicago, Illinois 60603-6263
(312) 786-2250

Theresa H. Wang (*pro hac vice*)
Joshua D. Harms (*pro hac vice*)
Stokes Lawrence, P.S.
1420 Fifth Avenue
Suite 3000
Seattle, Washington 98101
(206) 626-6000