UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| The Board of Trustees of The University of Illinois, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-cv-6546 |
| v. | ) ) ) | Judge John Robert Blakey |
| Vintage Brand LLC, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part, and denies in part, Plaintiff's motion to strike [93]. As explained more fully below, the Court grants the motion as to Defendants' public domain, First Amendment, laches, and acquiescence affirmative defenses but denies the motion as to Defendants' aesthetic functionality, Lanham Act, and failure to mitigate defenses.

## STATEMENT

This case comes before the Court on Plaintiff's motion to strike several of Defendants' affirmative defenses [93]. When Defendants answered the complaint, [75], [76], each asserted numerous affirmative defenses. Vintage Brand asserted twelve: (1) laches; (2) acquiescence; (3) aesthetic functionality; (4) ornamental; (5) fair use; (6) abandonment; (7) failure to mitigate; (8) inherent distinctiveness/secondary meaning; (9) public domain; (10) First Amendment; (11) unclean hands; and (12) § 33(b)(7) of the Lanham Act. *See* [75]. Sportswear Inc. asserts the same affirmative defenses, with one exception: it does not allege a fair use defense. *See* [76].

Plaintiff first moves to strike Defendants' aesthetic functionality, public domain, First Amendment, and Lanham Act defenses for lack of factual and legal support. Plaintiff argues that these defenses raise legal issues that are not cognizable within the Seventh Circuit and, even if assumed to be valid, are not applicable on the facts; if allowed, they will significantly broaden the scope of discovery and interject needless complexity and expense into this case. Plaintiff also moves to strike Defendants' laches, acquiescence, and failure to mitigate defenses under *Iqbal/Twombly*, arguing that these defenses lack any factual basis.

1

Federal Rule of Civil Procedure 12(f) governs motions to strike affirmative defenses, providing that the Court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Seventh Circuit has not decided "whether the Federal Rules require defendants to articulate the factual basis for defenses in their answers, like plaintiffs must do for complaints under *Twombly* and *Iqbal*." *Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 WL 658786, at * 2 (N.D. Ill. March 4, 2022). And some courts in this district have noted that it makes sense not to apply the stricter standards to defenses. *See id.* at *3 ("Plaintiffs have a lot more runway than defendants, so it makes sense to require more from plaintiffs than defendants when it comes to pleadings. When it comes to answers, the expectation for speed is inconsistent with the expectation for specificity. In the meantime, courts are not in the business of rejecting generic affirmative defenses, at least not at the pleading stage. That pleading policework would lead to a proliferation of motion practice, which is already abundant (and then some). A different approach would encourage motions to strike and turn Rule 12(f) on its head, transforming it from a disfavored path into an overcrowded highway with a traffic jam of motions.").

Even under Rule 12(f), however, the Court will strike affirmative defenses that remain "insufficient on their face." *City of Chicago v. DoorDash, Inc.*, 636 F. Supp. 3d 916, 919 (N.D. Ill. 2022) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

With these standards in mind, the Court considers the challenged defenses in turn below.

**(1) Aesthetic Functionality:**

Plaintiff moves to strike Defendants' third affirmative defenses, which are based upon aesthetic functionality. Plaintiff argues that the Seventh Circuit does not recognize such a defense and, in any event, Defendants have failed to plausibly plead it.

Although the Seventh Circuit has not issued an opinion allowing aesthetic functionality as an affirmative defense, the court has not issued a ruling precluding such a defense. Courts in the Southern District of New York appear to recognize that a mark may be "aesthetically functional, and therefore ineligible for protection under the Lanham Act, where protection of the mark significantly undermines competitors' ability to compete in the relevant market." *adidas Am., Inc. v. Thom Browne, Inc.*, 629 F. Supp. 3d 213, 216 (S.D.N.Y. 2022), report and recommendation adopted, No. 21-CV-5615 (JSR), 2022 WL 10668978 (S.D.N.Y. Oct. 18, 2022) (citing *Christian Louboutin S.A. v. Yves Saint Laurent America Holdings, Inc.*, 696 F.3d 206, 222 (2d Cir. 2012)). Defendants cite *Jay Franco & Sons, Inc. v. Franek*, 615 F.3d 855, 857

2

(7th Cir. 2010) to support their argument that aesthetic functionality remains viable in this Circuit. But that case involved functionality, not aesthetic functionality, and there can be no question that functionality remains a viable defense to trademark infringement. Because the Seventh Circuit has not spoken on the point, this Cout lacks a basis at this stage to preclude the defenses.

Plaintiff also argues that, even if cognizable, the defenses, as pled, remain insufficient. The argument might be persuasive under *Iqbal/Twombly*: Defendants allege, in a conclusory fashion, that consumers "purchase goods decorated with the text and designs shown in the Complaint" solely because of their "aesthetic appeal" and do not care whether the goods come from the University or from Defendants, [75] at 62–63; [76] at 59; they do not say what aesthetics compel consumer action or explain, or even allege, that any particular aesthetic remains "essential to effective competition in a particular market." *adidas Am., Inc.*, 629 F. Supp. 3d at 217. But the plausibility standard does not apply here, and the Court cannot say that the defenses are insufficient on their face. Accordingly, the Court declines to strike Defendants' aesthetic functionality defenses.

**(2)     Public Domain:**

Plaintiff next moves to strike Defendants' public domain defenses (Vintage Brand's ninth affirmative defense and Sportswear's eighth affirmative defense), arguing that the defense, as pled, remains unrecognized in this Circuit. Again, Plaintiff appears to be right. The Seventh Circuit has not yet addressed a public domain affirmative defense. More importantly, Defendants' public domain defenses merely restate their abandonment claims, as abandonment reverts a protected mark to the public domain. Both Defendants have asserted abandonment claims. *See* [75] at 69–73; [76] at 64–68. And those claims remain at issue even after summary judgment. As a result, Defendants' public domain defenses are redundant, and the Court thus strikes them as such under Rule 12(f).

**(3)     First Amendment:**

Plaintiff moves to strike Defendants' First Amendment defenses (Vintage Brand's tenth affirmative defense and Sportswear's ninth), as unrecognized in this Circuit.

Defendants' First Amendment defenses spring from *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989), in which the Second Circuit created a balancing test to determine if an artistic work can be subject to the Lanham Act. Under that test, the Lanham Act is not applicable if the defendant's use of the mark is (1) 'artistically relevant' to the work and (2) not 'explicitly misleading' as to the source or content of the work." *Sullivan v. Bickler*, 360 F. Supp. 3d 778, 786 (N.D. Ill. 2019) (citing Rogers, 875 F.2d at 999); *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 947 F.Supp.2d

3

922, 931 (N.D. Ind. 2013), *aff'd on other grounds*, 763 F.3d 696 (7th Cir. 2014)). As the court noted in *Sullivan*, the Seventh Circuit has not yet adopted the test. *Id.*

More importantly, however, Defendants' First Amendment defenses simply recite the Second Ciruit's test in a formulaic fashion.[1] In general, trademark claims rarely fail on First Amendment grounds, *RBG Plastic, LLC v. Webstaurant Store*, No. 1:18-CV-05192, 2020 WL 7027601, at *6 (N.D. Ill. Nov. 30, 2020) (citing *Iancu v. Brunetti*, 139 S. Ct. 2294, 2299–2300 (2019); *Matal v. Tam*, 137 S. Ct. 1744, 1751 (2017)), and nothing in Defendants' allegations suggests that this case proves exceptional. Quite simply, as currently plead, the conclusory defenses are patently insufficient, and the Court grants the motion to strike Defendants' First Amendment defenses. *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) ("bare legal conclusions attached to narrated facts will not suffice" to plead an affirmative defense.) (citing *Heller*, 883 F.2d at 1294; *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985)).

**(4)   Lanham Act Defenses:**

Plaintiff next moves to strike Defendants' Lanham Act defenses (Vintage Brand's twelfth and Sportswear's eleventh), arguing that § 1115(b)(7) does not provide for an affirmative defense; rather, the statute provides only an avoidance to any affirmative defense based upon incontestability.

The statute, however, specifically provides for a defense based upon antitrust laws. Section 1115(b) provides that, to the extent "the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C.A. § 1115(b). Such "conclusive evidence of the right to use the registered mark shall be subject to proof of infringement as defined in section 1114 of this title and shall be subject to the following defenses or defects: . . . (7) That the mark has been or is being used to violate the antitrust laws of the United States . . . ." *Id.* The Court thus declines the shut the door on these defenses at the pleading stage.

---

[1] Vintage Brand alleges that its "use of historic works of art containing embedded text and designs to which the University claims current trademark rights is (1) artistically relevant to the vintage-themed art that consumers can create on Vintage Brand's website and (2) not explicitly misleading as to the source or sponsorship, particularly as Vintage Brand's website contains numerous prominent disclaimers." [75] at 65. Sportswear similarly alleges that its "printing of historic works of art containing embedded text and designs to which the University claims current trademark rights is (1) artistically relevant to the vintage-themed art that consumers can create on Vintage Brand's website and (2) not explicitly misleading as to the source or sponsorship, particularly as Vintage Brand's website contains numerous prominent disclaimers." [76] at 61.

**(5) Laches:**

Plaintiff moves to strike Defendants' laches defenses (both Defendants' first affirmative defense). For laches to apply, the defendant "must show that (1) the plaintiff had knowledge of the defendant's use of an allegedly infringing mark, (2) the plaintiff inexcusably delayed in taking action with respect to the defendant's use, and (3) the defendant would be prejudiced by allowing the plaintiff to assert its rights at this time." *Top Tobacco, L.P. v. Good Times USA, LLC*, No. 14-CV-8978, 2017 WL 395698, at *2 (N.D. Ill. Jan. 30, 2017) (citing *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792–93 (7th Cir. 2002).

Plaintiff alleges that Defendants have failed to allege prejudice. On this point, Vintage Brand alleges that it has been "prejudiced by the University's delay," in that, had the University sued sooner, it "would not have devoted time and resources into collecting and enhancing the public domain artistic works that the University now seeks to prevent Vintage Brand from ornamentally printing on various goods," and "would have disabled the portion of its website related to the enhanced public domain artistic works much earlier, thereby not receiving and using the revenue that the University seeks to recover." [75] at 61. Sportswear similarly alleges that the delay prejudiced it in that, had the University sued sooner, it "would not have devoted time and resources into printing goods customized by consumers on Vintage Brand's website. If this litigation had been timely commenced, Sportswear would have ceased printing such goods much earlier, thereby not receiving and using the revenue that the University seeks to recover." [76] at 57.

Although these allegations address prejudice, they say nothing more than, if the University had sued earlier, Defendants would have committed fewer acts of infringement. As such, if anything, they suggest prejudice to the University, not prejudice to Defendants, which enhanced their profits and customer bases by being allowed to continue their infringement. As a result, the defenses remain insufficient as pled, and the Court strikes Defendants' laches defenses.

**(6) Acquiescence:**

Plaintiff next moves to strike Defendants' second affirmative defenses. Acquiescence is an "equitable doctrine that permits a court to deny relief in a trademark infringement action if the owner of the mark has, through his affirmative words or conduct, conveyed his consent to the defendant's use of the mark." *Top Tobacco*, 2017 WL 395698, at *3 (citing *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 940 (7th Cir. 2016); *TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876, 885 (7th Cir. 1997)). This "affirmative defense 'prevents the trademark owner from impliedly permitting another's use of his mark and then attempting to enjoy that use after the junior user has invested substantial resources to develop the mark's goodwill.'" *Id*. In contrast to laches, which involves a "negligent, unintentional

failure to protect trademark rights," acquiescence involves "active consent" and requires "intentional abandonment" through an "affirmative word or deed." *Id.*

Defendants' second affirmative defenses merely restate their counterclaims for abandonment. As such, they are redundant, and the Court strikes them.

### (7) Failure to Mitigate:

Finally, Plaintiff moves to strike Defendants' failure to mitigate defenses (Vintage Brand's seventh affirmative defense and Sportswear's sixth), arguing that Defendants fail to allege facts to support them. But failure to mitigate damages does constitute an affirmative defense, *e.g., Warrior Ins. Grp., Inc. v. Insureon.com, Inc.*, No. 00 C 3619, 2000 WL 1898867, at *2 (N.D. Ill. Dec. 29, 2000), and Defendants have alleged specific actions plaintiff could have taken to lessen its damages – namely, suing earlier. On the flip side, Plaintiff's claims unquestionably remain timely. And it is not clear that Plaintiff had any legal or equitable obligation to sue earlier. But, for now, the Court cannot say that the defenses are facially insufficient and thus declines to strike them.

Date: September 29, 2023        Entered:

                                John Robert Blakey
                                United States District Judge